UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARIAN DEBORAH MILLER,

    Plaintiff,

vs.

EDWARD D. JONES & CO., L.P.,
MICHAEL MAHONEY, MICHAEL
CUMMINS, BARBARA MOSCA, and
STEVEN RARICK,

    Defendants.

CIV NO.
3:03CV 0193 (MRK)

December 23, 2003

## MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER

I.   INTRODUCTION

Defendants Edward Jones & Co., L.P., Michael Mahoney, Michael Cummins, Barbara Mosca, and Steven Rarick (hereinafter collectively "Defendants"), move for an order modifying the scheduling order regarding Defendants' discovery from December 31, 2003 to January 12, 2004; the date for disclosing Defendants' experts from January 15, 2004 to February 2, 2004; and the date for Defendants' dispositive motions from January 30, 2004 to February 20, 2004. On October 9, 2003, the Court entered an Order setting the deadline for all discovery to be completed by December 31, 2003. (Exh. A). On November 18, 2003, the Court entered a Revised Scheduling Order setting the deadline for disclosure of Defendants' expert witnesses by January 15, 2004. (Exh. B). Defendants seek an extension of these deadlines because Plaintiff's failure to cooperate with the discovery process has hindered their ability to comply with the Court's orders. Plaintiff's counsel, Vlad Spitzer, has consented to this request.

1

## II. FACTS

### A. Plaintiff's Failure to Complete Her Deposition

Plaintiff has failed to cooperate in the discovery process, and her failure has resulted in Defendants' inability to complete Plaintiff's deposition by the court-ordered discovery deadline. By agreement, the parties postponed depositions until after the mandatory settlement conference on October 29, 2003. Plaintiff's deposition was scheduled to begin on November 19, 2003 at 1:00 p.m., and to continue for completion on November 20, 2003. Defendants served Plaintiff's attorney with a Notice of Deposition and cover letter setting forth these arrangements. (Exhs. C & D).

Plaintiff failed to appear for her deposition as scheduled on November 19, 2003. (Exh. E; Plaintiff's Dep. p. 43 lines 8-24; p. 44, lines 1-12). In a letter to Plaintiff's attorney dated December 4, 2003, Defendants summarized how they had scheduled Miller's deposition to begin on November 19 at 1:00 p.m.; that Plaintiff's attorney indicated she did not appear because he misread the notice of deposition; that because she failed to appear on November 19, Defendants were unable to complete her deposition on November 20 as planned; and the parties therefore had agreed to schedule her deposition to resume at a later date. (Exhs. F & G; Plaintiff's Dep. p. 260, lines 12-24; p. 261, lines 1-18). In the December 4 letter, sent both by facsimile transmission and regular mail, Defendants reminded Plaintiff's attorney that Plaintiff's deposition needed to be scheduled for completion.

After still not hearing from Plaintiff's attorney, Defendants sent a second letter on December 4, notifying Plaintiff's attorney that it had scheduled Plaintiff's deposition for December 16, 2003. Defendants were not able to confirm this date with Plaintiff or her

2

attorney before scheduling the deposition because Plaintiff's attorney never responded to Defendants' letters nor returned Edward Jones' attorney's phone calls regarding rescheduling the deposition. (Exhs. H & I).

On December 15, 2003, Defendants called to confirm the arrangements for the December 16 deposition. Plaintiff's attorney informed Edward Jones that he was canceling Plaintiff's deposition scheduled for the next day. (Exh. J). Counsel for Edward Jones resides in St. Louis, Missouri and had organized his schedule and made travel arrangements to be in Bridgeport, Connecticut on December 16 for Plaintiff's deposition. Plaintiff's counsel informed Edward Jones' attorney that both he and Plaintiff were unavailable to complete Plaintiff's deposition until after December 31, 2003. Defendants summarized this conversation in an e-mail to Plaintiff's attorney on December 15. (Exh. J). Although Plaintiff's attorney informed Defendants later in the day on December 15, 2003 that he and Plaintiff could complete Plaintiff's deposition on December 18, counsel for Edward Jones could not rearrange his schedule and travel plans on such a short two day notice. (Exh. K).

On December 18, Defendants sent Plaintiff's attorney an additional letter, summarizing the discussion of December 15 canceling Plaintiff's deposition, and summarizing Defendants' attempts to schedule Plaintiff's deposition and the Rule 35 mental examination. (Exh. K).

In a December 19, 2003 phone call between the attorneys for each party, Plaintiff's attorney agreed to set January 9, 2004 for the completion of Plaintiff's deposition. Defendants confirmed this agreement in a December 19, 2003 letter to Plaintiff's attorney and an amended Notice of Deposition. (Exhs. L & M). Because this

3

date falls after the December 31, 2003 discovery deadline, Defendants request a short extension of the discovery period for the purpose of resuming and completing Plaintiff's deposition. Plaintiff's attorney stated he does not oppose Defendants seeking to extend the discovery deadline in order to complete Plaintiff's deposition.

**B.    Plaintiff's Failure to Complete Her Rule 35 Examination**

In addition, Plaintiff failed to cooperate with scheduling and completing her Rule 35 mental examination. On November 24, 2003, Defendants sent a letter to Plaintiff's attorney confirming the dates and times for Plaintiff to meet with Dr. Howard V. Zonana for her psychiatric interviews and testing. The examination/interview dates were set for November 26, December 4, and December 18. The psychological testing dates were set for December 4 and December 18. (Exh. N). Plaintiff's attorney responded by letter on November 24, 2003, stating he could not agree to go forward with the requested examination times. He objected to taking three separate days for the examination and testing. In addition, he stated Plaintiff was unavailable on November 26, 2003 because of the Thanksgiving holiday, and she was unavailable on December 18, 2003 because she would be out of town in Florida. He suggested scheduling the Rule 35 examination for one eight hour day. (Exh. O).

Defendants then contacted Plaintiff's attorney regarding this scheduling conflict, and Plaintiff's attorney promised to contact Defendants with the specific dates of Plaintiff's out of town trip, so the examination could be rescheduled. On November 25, 2003 Defendants sent a letter to Plaintiff's attorney scheduling the Rule 35 examination for December 4, 2003 to accommodate Plaintiff. However, Defendants' expert, Howard Zonana, M.D. at the Yale Medical School, stated it was not possible to accomplish all of

4

the testing and examinations in one day, and therefore a second day needed to be scheduled. (Exh. P).

On December 2, 2003, Defendants sent Plaintiff's attorney another letter, stating that Plaintiff's attorney had not responded to the November 25 letter regarding Plaintiff's availability for the second examination/interview date, nor had he responded to the telephone conversation on the same topic. Defendants reminded Plaintiff's attorney that they had agreed to begin the exam on December 4, 2003, but they needed to set a second date for completing the exam. Defendants asked Plaintiff's attorney to contact him to finalize the dates for completing the exam. (Exh. Q).

Defendants sent Plaintiff's attorney another letter on December 4, 2003, stating that he had not responded to the letters sent November 25 and December 2, and asking him to contact Defendants about setting the second date for the Rule 35 exam. Counsel for Defendants indicated that he had also left a voicemail for Plaintiff's attorney earlier that day. (Exh. F).

In an e-mail dated December 15, Defendants again informed Plaintiff's attorney that he had not responded to any of Edward Jones' attorney's letters or phone calls attempting to schedule the completion of the Rule 35 examination. Plaintiff attended her appointment on December 4, but had been completely uncooperative in rescheduling the completion of the examination and testing which had been set for December 18. As of December 15, Plaintiff's attorney still had not told Defendants when Plaintiff would be available to complete the Rule 35 examination. (Exh. J).

On December 15, Plaintiff's attorney left a voicemail message for Edward Jones's attorney, stating that Plaintiff would be available to complete either the Rule 35 exam or

5

her deposition on December 18, as she had the day off work (this is the date the exam was originally scheduled, and Plaintiff stated she could not attend because she would be out of town in Florida visiting her parents (Exh. O)). He said that if December 18 was not an option for Defendants because of the short notice, he would "try to get some other dates as well." (Exh. R). Defendants attempted to schedule Plaintiff's Rule 35 exam for December 18, 2003, but the doctor was not available, as he had rearranged his schedule after Plaintiff informed Defendants that she was unavailable on that day. Plaintiff did not suggest any other dates on which she would be available.

By letter to Plaintiff's attorney dated December 18, 2003, Defendants offered to reschedule Plaintiff's Rule 35 examination to December 29, 2003. This was because Plaintiff still had failed to provide any dates on which she was available to complete her Rule 35 exam. (Exh. K). In a December 19, 2003 telephone conversation, Plaintiff's attorney agreed to complete Plaintiff's Rule 35 exam on December 29, 2003. Defendants confirmed this agreement in a December 19, 2003 letter to Plaintiff's attorney. (Exh. L). Defendants are making every attempt to complete the testing and provide the expert report before the January 15, 2004 deadline. However, because of the delays caused by Plaintiff's failure and refusal to cooperate with discovery, Defendants request the date for completing Defendants' Rule 35 expert disclosure and written report be extended two weeks from January 15, 2004 to February 2, 2004.

## III. DISCUSSION

Due to Plaintiff's failure to cooperate with the discovery process, Defendants are now in a position where they are unable to complete Plaintiff's deposition and Rule 35 mental examination and written report by the court ordered deadline. Defendants have

made every effort to complete Plaintiff's deposition, documented by the numerous letters sent to Plaintiff's attorney on the subject. In addition, Defendants have made numerous attempts to complete Plaintiff's Rule 35 examination so that the expert report can be completed by January 15, 2004. However, until late December 2003, Plaintiff failed and refused to cooperate in setting times to complete her deposition and her Rule 35 exam, and therefore Defendants cannot meet these discovery dates. After many requests, on December 19, 2003, Plaintiff finally agreed to complete her deposition on January 9, 2004. However, this date is nine (9) days after the discovery cut off deadline. For these reasons, Defendants request the Court modify the scheduling order to enable Defendants to complete Plaintiff's deposition on January 9, 2003 and to extend the date for disclosing Defendants' expert and written expert report from January 15, 2004 to Monday, February 2, 2004. *See* Fed. R. Civ. P. 26 (General Provisions Governing Discovery); Fed. R. Civ. P. 30 (Depositions).

In addition, because Defendants anticipated completing Plaintiff's deposition as originally scheduled and noticed on November 20, 2003, and are now faced with a significant delay in completing the deposition and obtaining a deposition transcript, Defendants are prejudiced in their ability to complete their dispositive motions by January 30, 2004. Defendants therefore request the Court to extend the deadline for all dispositive motions to Friday, February 20, 2004.

For the foregoing reasons, Defendants ask the Court: (1) to extend Defendants' discovery deadline from December 31, 2003 to January 12, 2004 so that Defendants can resume and complete Plaintiff's deposition as scheduled on January 9, 2004; (2) to extend the deadline for Plaintiff's Rule 35 examination and Defendants' disclosure of the written

7

expert report from January 15, 2004 to February 2, 2004; and (3) to extend the deadline for dispositive motions from January 30, 2004 to Friday, February 20, 2004, due to the delay in completing Plaintiff's deposition and obtaining a transcript of the Plaintiff's deposition.

Respectfully submitted,

THE DEFENDANTS: Edward Jones, Michael Cummins, Barbara Mosca and Steven Rarick

By: *[signature]*
Michael N. LaVelle, Esq. 06170
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000

By: *[signature]*
Fred A. Ricks, Jr., Esq.
Federal Bar No.: ct25435
Harris Dowell Fisher & Harris, L.C.
15400 South Outer Forty, Suite 202
St. Louis, Missouri 63017
(636) 532-0300

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed this 23rd day of December, 2003, postage prepaid by U.S. Mail to the following persons:

Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, CT 06880
(203) 227-7000

Vlad Spitzer and Huma Khan, Esq.
Spitzer & Brey, LLC
239 Main Street, 2nd Floor
Westport, CT 06880
(203) 226-3266 Ext. 14