UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*****************************************

MARIAN DEBORAH MILLER,                    *

                          Plaintiff,          *          Civil No. 3:03CV 0193 (MRK)

                v.                           *

                               *

EDWARD D. JONES & CO., L.P.,               *          APRIL 30, 2004
ET AL.                                     *

                   Defendants.      *

*****************************************

**LOCAL RULE 56(a)(1) STATEMENT OF DEFENDANT MICHAEL MAHONEY
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

       Pursuant to Local Rule 56(a)(1) Defendant Michael Mahoney submits the

following statement of undisputed material facts.   Please note that for purposes of

this motion, Defendant Mahoney has adopted Plaintiff's view of certain material

facts so as to avoid a factual dispute and shown that even in those circumstances

Plaintiff cannot support her claims as to him.  However, there is a material dispute

as to the actions allegedly taken by Defendant Mahoney, and he reserves all of his

rights to dispute virtually all of Plaintiff's factual contentions at trial.

1.      Plaintiff first began her employment at Edward D Jones & Co., L.P. ("Jones") on or about July 14, 2001.  Complaint at ¶1.

2.      Jones is highly centralized and provides administrative support for its network from the St. Louis location. Mahoney Affidavit at ¶2.

3.      Consistent with the normal way in which Jones staffs its offices, Plaintiff was assigned to work with an individual Investment Representative, Defendant Michael Mahoney.  The two of them occupied an office location in Stamford. Miller and Mahoney were the only two individuals assigned to that location. Mahoney Affidavit at ¶3.

4.      Plaintiff contends that Defendant Mahoney engaged in harassing conduct, enquiring about her sexuality, the sexual orientation of her sons, as to her personal relationships, commenting that she would make a good lesbian and that she should frequent "lipstick lesbian bars."  Complaint at ¶7.  She also complains of being ordered to perform menial tasks outside the scope of her employment duties, Complaint at ¶8, and that Defendant Mahoney spoke to her about his personal life and sexual preferences, Complaint at ¶9.

5.      Plaintiff does not allege that she was ever touched inappropriately.  See Complaint generally.  See also, Excerpts from Plaintiff's deposition are attached hereto as Exhibit A.  Hereafter references to the transcript shall simply be designated "Tr. __."  Tr. 246.

6.      Plaintiff does not allege that she was ever confronted with any photographic or three dimensional materials or depictions.  Her Complaint is limited to

claims regarding what was said to her, assignments given to her and an allegation, sometimes repeated, that Defendant Mahoney "handled her personal property."  Complaint ¶21.

7.    On the morning of November 9, 2001, Plaintiff reported to work.  By her own admission she was tardy.  Tr. 351-351.  Mr. Mahoney and Ms. Miller argued. Both had raised voices.  Mahoney Affidavit at ¶4.  Ms. Miller walked out of the office.  Tr. 354 at L. 14.  She never returned.

8.    After November 9, 2001 Mr. Mahoney never again saw Plaintiff in any capacity at Jones.  Mahoney Affidavit at ¶¶4, 5.

9.    Also on November 9, 2001 Ms. Miller wrote a letter of Complaint to a Jones official in St. Louis, Stephen Rarrick.  Tr. 177-178.  It was clear from the letter that she was dissatisfied, however, there was nothing on the face of the letter to indicate that she felt she had been sexually harassed.  Tr. 179.

10.    Plaintiff was placed on a paid administrative leave and relieved of any further dealings with Mr. Mahoney pending an investigation of her claims.  Tr. 211.

11.    Mr. Mahoney did not have any interaction with Plaintiff between November 9, 2001 and the start of this litigation.  Mahoney Affidavit at ¶4.

12.    Mr. Mahoney was questioned by Jones officials, being asked what his interactions had been with Ms. Miller.  Mahoney Affidavit at ¶6.  He co-operated fully, although he was never informed of any specific allegations being made about him, nor was he given a copy of Ms. Miller's letter of

November 9, 2001 or any of her correspondence.  Mahoney Affidavit at ¶¶6-8.

13.    Plaintiff has acknowledged receiving Jones' sexual harassment policy and related materials.  Tr. 51, 140-144.  She also acknowledges that she was encouraged to call St. Louis headquarters with any personnel issues that might arise.  Tr. 130.  Yet, she never did so.  Tr. 130, 144.

14.    It does appear that on two occasions prior to November 9 Plaintiff did express dissatisfaction to two individuals who may have had some managerial authority.  She described a telephone call with Michael Cummins, Tr. 97, and a later call with Barbara Mosca.  Tr. 152-155.  In both instances, however, it is clear that the substance of the calls related to her dissatisfaction with office procedures and contained no reference to any discriminatory, harassing or retaliatory conduct.

15.    It appears that following Ms. Miller's placement on a paid administrative leave, Jones was unable to entice her to return to work at any of its locations.  Following the conclusion of its investigation, Jones brought Plaintiff's administrative leave to a conclusion.  Tr. 288.   When she failed to return to work, it appears that Jones regarded her as a voluntary quit.  Tr. 245.  She was notified of this effective February 28, 2002.  Mr. Mahoney played no role in the investigation of Plaintiff's claims or the decisions leading to Plaintiff's separation. Mahoney Affidavit at ¶5.

16.     Mr. Mahoney voluntarily gave notice and left his own employment with Jones

on March 10, 2002.  Mahoney Affidavit at ¶9.

17.     Plaintiff first filed a Charge of alleged discrimination with the Connecticut

Commission on Human Rights and Opportunities on or about April 17, 2002.

Complaint ¶3.

THE DEFENDANT
MICHAEL MAHONEY


By:_____
Peter E. Gillespie   (ct06554)
46 Riverside Avenue
P. O. Box 3416
Westport, CT 06880
Tel: (203) 227-7000
Fax: (203) 454-5508
E-mail: petelaw@attglobal.net

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served this 30th day of April, 2004 by U. S. Post, postage pre-paid upon the following:

Huma Kahn, Esq.                          Michael N. LaVelle, Esq.
Spitzer & Brey                           Pullman & Comley, LLC
239 Main Street  - 2d Floor              850 Main Street
Westport, CT 06880                       Bridgeport, CT 06604


Fred A. Ricks, Jr., Esq.
Harris, Dowell, Fisher & Harris, L.C.
15400 South Outer Forty, Suite 202
St. Louis, MO 63017




_____
Peter E. Gillespie