UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARIAN DEBORAH MILLER,

   Plaintiff,

vs.

EDWARD D. JONES & CO., L.P.,
MICHAEL MAHONEY, MICHAEL
CUMMINS, BARBARA MOSCA, and
STEVEN RARICK,

   Defendants.

CIV NO.
3:03CV 0193 (DJS)

April 29, 2004

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
FILED ON BEHALF OF DEFENDANT MICHAEL CUMMINS**

## I. INTRODUCTION

This court should grant the motion of Defendant Michael Cummins ("Cummins") for summary judgment on all counts. Michael Cummins is entitled to judgment as a matter of law.

## II. FACTS

The facts are set forth in detail in the Local Rule 56(a)1 Statements of Cummins,[1] Edward Jones,[2] and Barbara Mosca, which are incorporated herein by reference. The essential facts can be summarized more briefly as follows:

Plaintiff admitted that to her knowledge Cummins did not discriminate against her (Cummins Stmt. ¶1). Cummins is an Edward Jones investment representative ("IR") in Old Saybrook, Connecticut who served as the Edward Jones regional leader for the entire State of Connecticut until about September of 2001, when Barbara Mosca ("Mosca"), took over for Fairfield County, Connecticut (Cummins Stmt. ¶¶2,3). As a regional leader, Cummins served "as a role model" and organized and hosted meetings,

---

[1] Hereinafter cited as "Cummins Stmt."
[2] Hereinafter cited as "Jones Stmt."

1

but did not manage or have any other IR's reporting directly to him and was not Mahoney's "manager" (Cummins Stmt. ¶¶4-6).

In February 2001, Cummins learned there were issues with the performance of Mahoney's BOA at the time, his treatment of her, and his calling her at home. He was told Edward Jones had referred Mahoney to an "interpersonal coaching company," and that the matter was considered serious enough to warn Mahoney that if he bothered another person, he would be terminated. Cummins did not learn specifics about the problematic interaction between Mahoney and his BOA that had led to this concern. (Cummins Stmt. ¶¶7-9).

Plaintiff had a conversation with Lyn Vasil, one of Cummins' BOA's, that was reported to Cummins. In response, Cummins called Mahoney and told him to "behave himself" and that Plaintiff "was the last BOA he was going to be given" (Cummins Stmt. ¶¶10,11). Subsequently, Plaintiff spoke directly with Cummins when he called her and asked her how things were going. She said Mahoney was very "demanding" and "condescending," and made other general complaints of difficulty working with Mahoney that were wholly unrelated to any form of unlawful discrimination or harassment (Cummins Stmt. ¶13). There may have been one or two other similar conversations between Plaintiff and Cummins on the "rare occasion" when he directly answered the telephone at his office (Cummins Stmt. ¶¶14,15).

### III. ARGUMENT

**A. Cummins Is Entitled To Summary Judgment On Plaintiff's CFEPA Retaliation Claim (Count Six).**

In Count Six, Plaintiff seeks to recover for retaliation in violation of the CFEPA, Conn. Gen. Stat. §46a-60(a)(4). Defendant Cummins is entitled to summary judgment on Count Six for the same reasons Edward Jones is entitled to summary judgment on Plaintiff's federal and state retaliation claims against it in Counts Four and Six. Plaintiff makes no allegation of retaliatory conduct by Cummins that is not covered in the

arguments on Counts Four and Six in the Memorandum In Support Of Motion For Summary Judgment Filed On Behalf Of Defendant Edward D. Jones & Co., L.P. Such arguments are therefore incorporated herein by reference, and are equally dispositive of Plaintiff's retaliation claim against Cummins. Additionally, as discussed below in connection with aiding and abetting, an individual employee may not be held liable for retaliation under the CFEPA for acts committed in the course of employment. Finally, Plaintiff admitted Cummins did not discriminate against her (Cummins Stmt. ¶1).

### B. Cummins Is Entitled To Summary Judgment On Plaintiff's CFEPA Aiding And Abetting Claim (Count Seven).

In Count Seven, Plaintiff seeks to recover against defendant Cummins for aiding and abetting unlawful discriminatory employment practices in violation of the CFEPA, Conn. Gen. Stat. §46a-60(a)(5).[3] This claim is insufficient as a matter of law.

#### 1. Under the CFEPA, An Individual Employee Cannot Be Held To Have Aided And Abetted His Or Her Own Employer.

Under the Connecticut Supreme Court's decision in *Perodeau v. City of Hartford*, 259 Conn. 729, 738, 792 A.2d 752, 758 (Conn. 2002), "individuals who are not employers may not be held liable under § 46a-60 (a)(1)," which is the CFEPA provision prohibiting discrimination by employers. Unlike §46a-60(a)(1), §§46a-60(a)(4) and (5) are not, by their terms, expressly limited to conduct by employers or their agents, but extend more broadly to "any person." This distinction might suggest that *Perodeau's* prohibition of individual liability does not extend to claims of retaliation and aiding and abetting under these sections. But examination of the reasoning of *Perodeau* discloses that these sections must not be construed as permitting liability of individual employees for acts committed in the course of their employment.

---

[3] Conn. Gen. Stat. § 46a-60(a)(4) provides that it is an discriminatory employment practice to "aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so. . . ."

In *Perodeau*, 792 A.2d at 759-61, the court discussed three policy reasons for its holding: 1) the inconsistency between protecting small employers while allowing individual employees to be sued; 2) "the legislature did not intend for individuals to be subject 'to the ever-present threat of a lawsuit each time they make a personnel decision'"[4] and 3) barring individual liability would not "open the floodgates of discrimination, [by] giv[ing] supervisors a free pass to discriminate," because "[a]n employer subjected to well-founded claims of employment discrimination as a result of an employee's intentional acts of discrimination is not likely to look favorably upon the offending employee [and] almost certainly will impose some form of discipline upon the offending employee."[5]

These reasons for barring individual liability under the primary discrimination prohibition of CFEPA are equally applicable to individual liability under the retaliation and aiding and abetting provisions. Particularly with respect to aiding and abetting, the *Perodeau* decision would be rendered null if every individual who participated in some way in challenged employment decisions or workplace conduct could be individually liable for aiding and abetting their employer. This would be an exception that would swallow the rule, making every supervisor subject "to the ever-present threat of a lawsuit each time they make a personnel decision." The "any person" language can still be given meaning as applying to other persons besides employers and their employees -- third parties such as customers, contractors, other employers, etc.

### 2. There were no unlawful discriminatory employment practices.

Furthermore, even if individual liability for someone acting in his capacity were theoretically possible, Cummins cannot be liable under for aiding and abetting unlawful discriminatory employment practices under the CFEPA because, as discussed above and in the separate motions for summary judgment of Defendants Edward Jones,

---

[4] *Quoting Reno v. Baird*, 18 Cal.4th 640, 662-63 (1998).
[5] *Quoting Reno*, 18 Cal.4th at 654-55.

Rarick, and Mosca, no such CFEPA violations were committed by any Defendant, including Mahoney.

### 3. Cummins did not aid and abet Mahoney.

Cummins was aware that Plaintiff, like others who had worked with Mahoney, found him difficult to work with at times, any allegedly discriminatory or sexually harassing aspect of Plaintiff's difficulties with Mahoney (Cummins Stmt. ¶¶7-9,11,13,15). He had no direct supervisory authority over Mahoney. Miller says Cummins nevertheless called Mahoney on one occasion and warned Mahoney to behave himself because Plaintiff would probably be his last BOA. Under the circumstances, and given his lack of direct authority and lack of knowledge of any allegations of unlawful conduct, this was a reasonable intervention.

Aiding and abetting a CFEPA violation necessarily involves conduct that in some way assists, incites, compels or coerces the doing of a discriminatory act.[6] Cummins was not even aware that Mahoney was engaging in any unlawful employment practices or contemplating doing so, or that Plaintiff believed he was. Cummins did not condone or ratify any unlawful conduct -- to do so requires knowledge it is occurring.

At most, Cummins is simply guilty of nonfeasance -- failure to actively intervene to investigate Plaintiff's complaints, even though her complaints did not alert him to any possible unlawful conduct. Given the allocation of responsibilities within Edward Jones, any such investigation was not his responsibility, but that of Associate Relations (Jones Stmt. ¶14). If such passive nonfeasance could ever be characterized as aiding and abetting -- which is questionable -- it cannot be so characterized under these circumstances.

---

[6] Conn. Gen. Stat. § 46a-60(a)(4) provides that it is an discriminatory employment practice to "aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so. . . ."

5

### C. Cummins Is Entitled To Summary Judgment On Plaintiff's Intentional Infliction Of Emotional Distress Claim (Count 11).

In Count Eleven, Plaintiff seeks to recover for intentional infliction of emotional distress. Cummins is entitled to summary judgment on Count Eleven for the same reasons Edward Jones is entitled to summary judgment on this Count. Plaintiff makes no allegation of conduct by Cummins relevant to this Count that is not covered in the arguments on Count Eleven in the Memorandum In Support Of Motion For Summary Judgment Filed On Behalf Of Defendant Edward D. Jones & Co., L.P. Cummins did not engage in any conduct intended to cause emotional distress, nor did he have actual or constructive knowledge such distress was likely. Neither his conduct (even assuming, *arguendo*, that he negligently failed to act on knowledge of Plaintiff's complaints about Mahoney), nor that of Mahoney was extreme and outrageous in nature. Edward Jones' arguments on these points are therefore incorporated herein by reference, and are equally dispositive of Plaintiff's intentional infliction claim against Cummins.

## IV. CONCLUSION

For all of the above reasons, Defendant Michael Cummins is entitled to summary judgment on each of the three Counts directed against him.

Respectfully submitted,

DEFENDANT Michael Cummins

By: _____
Michael N. LaVelle, Esq. 06170
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000
(203) 330-2288 (Facsimile)

By: *[signature]*
Fred A. Ricks, Jr., Esq.
Harris Dowell Fisher & Harris, L.C.
15400 South Outer Forty, Suite 202
St. Louis, Missouri 63017
(636) 532-0300
(636) 532-0246 (Facsimile)

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, to the following parties:

Peter E. Gillespie, Esq.
Attorney at Law
46 Riverside Avenue
Westport, CT 06880
(203) 227-7000

Vlad Spitzer, Esq.
Spitzer & Brey, LLC
239 Main Street, 2nd Floor
Westport, CT 06880
(203) 226-3266 Ext. 14

*[signature]*