**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
------------------------------------------------------------X
**MARIAN DEBORAH MILLER,**

**Plaintiff,**

    **-against-**                         **CIV NO.**
                                      **3:03CV 0193 (MRK)**

**EDWARD D. JONES & CO., L.P.,**
**MICHAEL MAHONEY, MICHAEL**
**CUMMINS, BARBARA MOSCA, and**
**STEVEN RARICK,**

                        **Defendants.**           **APRIL 11, 2005**
------------------------------------------------------------X

## JOINT TRIAL MEMORANDUM

Pursuant to the Joint Trial Memorandum Order of Mark R. Kravitz, U.S.D.J., the

Form 26(f) Report of Parties' Planning Meeting and the Local Rules of Civil Procedure,

the parties, Marian Deborah Miller (hereinafter referred to as "Miller" or "Plaintiff"),

Edward D. Jones & Co., L.P., (hereinafter referred to as "Edward Jones"), and Michael

Mahoney (hereinafter referred to as "Mahoney") (also collectively referred to hereafter as

"Defendants") submit their Joint Trial Memorandum.[1]

Parties' counsel are not equipped with the Word Perfect 10.0 computer program, and

so they are not able to provide the Court with this Joint Trial Memorandum and

attachments in such format.  However, the parties have provided the Court with diskettes,

one diskette for each party, containing these attachments in both the Word (i.e., ".doc")

---

[1] On October 13, 2004, the parties stipulated to dismissal with prejudice of all Plaintiff's claims against
Michael Cummins, Barbara Mosca, and Steven Rarick.

and Rich Text (i.e., ".rtf") formats. Should the Court have trouble accessing these documents in either of these formats, Counsel for the parties will research and pursue any other options available so that these documents may be supplied to the Court in Word Perfect 10.0 format.

1.  **TRIAL COUNSEL**

   **Counsel for Plaintiffs:**

   Vlad Gerard Spitzer, Esq.
   Federal Bar No. ct14260
   Lewis D. Brey, Esq.
   Federal Bar No. ct16519
   Spitzer & Brey, L.L.C.
   239 Main Street
   Westport, CT  06880
   Telephone:  (203) 226-3266
   Facsimile:  (203) 226-3262
   vgspitzer@spitzerbrey.com
   ldbrey@spitzerbrey.com

   **Counsel for Defendant Edward Jones:**

   Fred A. Ricks, Jr. Esq.
   Federal Bar No. e.d.mo 4170 (pro hac vice)
   Harris Dowell Fisher & Harris, L.C.
   15400 South Outer Forty – Suite 202
   St. Louis, Missouri  63017-2063
   Telephone:  (636)532-0300
   Facsimile: (636) 532-0246
   far@hdfh.com

   Michael N. LaVelle, Esq.
   Federal Bar No. ct 06170
   Pullman & Comley, LLC

850 Mail Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone:  (203)330-2112
Facsimile: (203)330-2288
mlavelle@pullcom.com

**Counsel for Defendant Michael Mahoney:**

Peter E. Gillespie, Esq.
Federal Bar No. ct 06554
46 Riverside Avenue
Westport, CT  06880
Telephone: (203) 227-7000
Facsimile:  (203) 454-5508
petelaw@attglobal.net

## 2.  <u>JURISDICTION</u>

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. The

plaintiff maintains that subject matter jurisdiction is invoked pursuant to Title VII of the

1964 Civil Rights Act, 28 U.S.C. §1343(4), 42 U.S.C. §2000e-(5), and Principles of

Supplemental Jurisdiction under 28 U.S.C. §1367(a).   Injunctive and declaratory relief

and damages are sought pursuant to 42 U.S.C. §2000e-5(f) and (g), along with monetary

relief for tort damages.

## 3.  <u>JURY/NONJURY</u>

Demand for trial by Jury was made in Plaintiff's complaint dated January 28, 2003.

This case is to be tried to a jury.

**4.  LENGTH OF TRIAL**

The expected length of trial is 5-7 days.

**5.  FURTHER PROCEEDINGS**

There exists no necessity for further proceedings prior to trial other than those set forth in this Joint Trial Memorandum such as motions in limine filed by Plaintiff and Defendant Edward Jones.  Defendant Mahoney joins in Defendant Edward Jones' motion in limine.

**6.  NATURE OF CASE**

**Plaintiff's Statement of the Nature of each cause of action and relief sought:**

This is a gender and sexual orientation discrimination case wherein Plaintiff, a Branch Office Administrator ("BOA"), was employed at Edward Jones in Stamford, Connecticut from July 14, 2001 until she was terminated on February 28, 2002, after having complained to Edward Jones about the hostile environment she was subjected to by her supervisor, Mahoney.  Defendants' continuous discriminatory treatment led to Plaintiff's termination on February 28, 2002.[2]

On the basis of the facts stated above, Plaintiff has filed this case asserting six separate causes of action:  intentional infliction of emotional distress, invasion of privacy,

---

[2] Defendants claim Plaintiff was formally terminated on March 5, 2002.

and assault under the law of torts of the State of Connecticut and discrimination on the basis of gender and sexual orientation, in the terms, conditions, and privileges of employment in violation of Title VII of the 1964 Civil Rights Act, 28 U.S.C. §1343(4), 42 U.S.C. §2000e-(5) ("Title VII), and the Connecticut General Statutes Section 46a-51 *et seq*, as amended ("State of Connecticut Human Rights Law").[3]   This action arises as a result of the Defendants' discriminatory treatment of the Plaintiff on the basis of her gender and sexual orientation in that inter alia, Defendants wrongfully subjected Plaintiff to a hostile environment by engaging in, and permitting, a pattern of conduct and by terminating Plaintiff's employment..

Plaintiff suffered damages as a result of Defendants' actions.  Plaintiff has requested the following relief for her injuries from the Court:  (1) issue a declaratory judgment that Defendants' acts, policies, procedures, and practices violated Title VII and Conn. Gen. Stat. §46(a)-60 et seq., (2) permanently enjoin Defendants, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment policy or practice which discriminates against any employee or applicant for employment on the basis of gender or sexual orientation or because of their participation in this lawsuit, (3) order Defendants to make the Plaintiff whole by providing for lost pay, pension, benefits, experience, training, and other benefits in an amount to be proved at trial, (4) award Plaintiff compensatory and punitive damages for the injuries suffered as result of Defendants' violations of Title VII, (5) award Plaintiff

---

[3] These are Plaintiff's remaining claims after the Court's Memorandum of Decision dated January 25, 2005.

compensatory damages for the injuries suffered as result of Defendants' violations of Conn. Gen. Stat. §46(a)-60 et seq., (6) award Plaintiff compensatory and punitive damages for the injuries suffered as a result of Defendants' tortious conduct, (7) award to Plaintiff the costs in this action and reasonable attorneys' fees as provided by § 706(k) of Title VII; 42 U.S.C. §2000e-5(k); Conn. Gen. Stat. §46a-104, and (8) grant such additional relief as this Court deems necessary and proper.

**(a) PARTIES AND CLAIMS ALLEGED IN THE COMPLAINT**

1.    Marian Deborah Miller vs. Edward D. Jones Co., L.P. – violation of Title VII based on sexual harassment (hostile environment based on gender), violation of Conn. Gen. Stat. §46(a)-60(a)(1) based on gender and sexual orientation discrimination, and violation of Conn. Gen. Stat. §46(a)-60(a)(8)(c) based on sexual harassment (hostile environment based on gender).

2.    Marian Deborah Miller vs. Michael Mahoney – intentional infliction of emotional distress, invasion of privacy, and assault.

**Defendant Edward Jones' Statement of the Nature of each cause of action and relief sought:**

Plaintiff's statement above contains numerous inaccuracies, including many assertions contrary to the Court's findings in its June 25, 2005, Memorandum of Decision.  In particular, Plaintiff improperly refers to claims for sexual harassment and retaliation,

which the Court dismissed. Edward Jones therefore submits the following statement, which is based on Plaintiff's statement, with the inaccuracies corrected.

This is a gender and sexual orientation discrimination case wherein Edward Jones employed Plaintiff as a Branch Office Administrator ("BOA") at a two-person branch office in Stamford, Connecticut, commencing on July 14, 2001.

On July 18, 2001, Plaintiff signed Edward Jones' Sexual Harassment Policy and Nondiscrimination Policy, both of which require employees to report any such policy violations to the Associate Relations Department. On November 9, 2001, Plaintiff complained to the Associate Relations Department about her treatment by the other person in the branch office, investment representative Michael Mahoney. Edward Jones investigated Plaintiff's complaint, concluded that Mahoney's conduct was not unlawful and did not warrant Mahoney's discharge, but nevertheless warned Mahoney against any improper or inappropriate conduct. Plaintiff's employment with Edward Jones ended on February 28, 2002, because Plaintiff quit or abandoned her employment by refusing to return to work after Edward Jones had concluded its investigation and repeatedly requested that she return to work. Plaintiff claims that during her employment, her supervisor, Defendant Michael Mahoney, subjected her to a hostile work environment because of her gender (female) and/or sexual orientation (heterosexual). Plaintiff further claims that Edward Jones is liable for Mahoney's conduct because it failed to adequately respond to the complaints she made.

Edward Jones denies that Plaintiff was subjected to a hostile work environment because of her gender or sexual orientation.  Edward Jones further contends that it responded appropriately to Plaintiff's complaints, given the nature of the complaints and the results of its investigation.

On the basis of the facts stated above, Plaintiff filed a 15-Count Complaint.  Six of these Counts remain for trial (Counts 2, 5, and 10 against Edward Jones, and Counts 11, 13, and 14 against Mahoney).  The claims remaining against Edward Jones are for a hostile environment based on gender under Title VII of the 1964 Civil Rights Act, 28 U.S.C. § 1343(4), 42 U.S.C. § 2000e-(5), and for a hostile environment based on gender and/or sexual orientation under the State of Connecticut Human Rights Law, Conn. Gen. Stat.§ 46(a)-51, *et seq*., as amended.  The claims remaining against Mahoney are for intentional infliction of emotional distress, invasion of privacy, and assault.

Plaintiff alleges that she suffered damages as a result of Defendants' actions.  Plaintiff has requested the following relief for her injuries from the Court:  (1) issue a declaratory judgment that Defendants' acts, policies, procedures, and practices violated Title VII and Conn. Gen. Stat. § 46(a)-60, *et seq*.; (2) permanently enjoin Defendants, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment policy or practice which discriminates against any employee or applicant for employment on the basis of gender or sexual orientation or because of their participation in this lawsuit; (3) order Defendants to make Plaintiff

whole by providing for lost pay, pension, benefits, experience, training, and other benefits in an amount to be proved at trial; (4) award Plaintiff compensatory and punitive damages for the injuries suffered as result of Defendants' violations of Title VII; (5) award Plaintiff compensatory damages for the injuries suffered as result of Defendants' violations of Conn. Gen. Stat. § 46(a)-60, *et seq*.; (6) award Plaintiff compensatory and punitive damages for the injuries suffered as a result of Defendants' tortious conduct; (7) award to Plaintiff the costs in this action and reasonable attorneys' fees as provided by § 706(k) of Title VII; 42 U.S.C. § 2000e-5(k); Conn. Gen. Stat. § 46(a)-104; and (8) grant such additional relief as this Court deems necessary and proper.

### (a) PARTIES AND CLAIMS ALLEGED IN THE COMPLAINT

1.      Marian Deborah Miller vs. Edward D. Jones Co., L.P. – violation of Title VII based on a hostile environment due to gender, and violation of Conn. Gen. Stat. § 46(a)-60(a)(1) based on gender and/or sexual orientation discrimination.

2.      Marian Deborah Miller vs. Michael Mahoney – intentional infliction of emotional distress, invasion of privacy, and assault.

### 7.  TRIAL BY MAGISTRATE JUDGE

The parties do not consent to a trial by Magistrate Judge.

8. **EVIDENCE**

   (a) **WITNESSES:**

   **Plaintiff's Expected Fact Witnesses:**

   1.     Marian Deborah Miller, 320 Strawberry Hill Avenue #29, Stamford, CT 06902 (203) 324-9445.   She will testify as to the facts and circumstances of her employment with Edward Jones, including but not limited to her job duties, her interaction with Mahoney and other employees of Edward Jones, including but not limited to Mahoney's discriminatory treatment of Plaintiff on the basis of her gender and sexual orientation, as well as the termination of her employment, as well as the damages she suffered as a result of the termination of her employment.   (Length of anticipated testimony: direct 3.5 hours; cross  4.5 hours).

   2.     Michael Mahoney, 2625 Park Avenue, #10D, Bridgeport, CT  06604.  He will testify as to the facts and circumstances of Plaintiff's employment and termination, as well as his involvement and interaction with Plaintiff including his supervision of Plaintiff.  He will also testify as to the discrimination policy at Edward Jones and how it was applied and/or enforced.  (Length of anticipated testimony: direct 1.5 hours; cross 4 hours).

   3.     Barbara Mosca, c/o Edward Jones, 134 East Park Avenue, Long Beach, NY.  She will testify as to the facts and circumstances of Plaintiff's employment and termination, her supervision of Plaintiff, as well as her involvement and interaction with Plaintiff regarding Plaintiff's complaints regarding Mahoney based upon her personal

knowledge, as well as her personal knowledge regarding any complaints about Mahoney. She will also testify as to the discrimination policy at Edward Jones and how it was applied and/or enforced.  (Length of anticipated testimony: direct 1 hour; cross 1 hour).

      4.    Michael Cummins, c/o Edward Jones, 15 Elm Street, Old Saybrook, CT. He will testify as to the facts and circumstances of Plaintiff's employment and termination, his supervision of Mahoney, as well as his involvement and interaction with Plaintiff and Mahoney regarding Plaintiff's complaints regarding Mahoney based upon his personal knowledge, as well as his personal knowledge regarding any complaints about Mahoney. He will also testify as to the discrimination policy at Edward Jones and how it was applied and/or enforced.  (Length of anticipated testimony: direct 1 hour; cross  1 hour).

      5.    Steven Rarick, c/o Edward Jones, 1245 JJ Kelley Memorial Avenue, St. Louis, MO 63131.  He will testify as to the facts and circumstances of Plaintiff's employment and termination, his supervision of Mahoney, as well as his involvement and interaction with Plaintiff and Mahoney regarding Plaintiff's complaints regarding Mahoney based upon his personal knowledge, as well as his personal knowledge regarding any complaints about Mahoney. He will also testify as to the discrimination policy at Edward Jones and how it was applied and/or enforced. (Length of anticipated testimony: direct 1.5 hours; cross  2.5 hour).

      6.    Lynn Vassal, c/o Edward Jones, 15 Elm Street, Old Saybrook, CT.   She will testify as to the facts and circumstances of Plaintiff's employment and termination,

her involvement and interaction with Plaintiff regarding Plaintiff's complaints regarding Mahoney based upon her personal knowledge, as well as her personal knowledge regarding any complaints about Mahoney.  She will also testify as to the discrimination policy at Edward Jones and how it was applied and/or enforced. (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

7.    Shannon Bogus, 335 Sylvan Road, Stamford, CT 06902.   She will testify as to the facts and circumstances of her involvement and interaction with Mahoney based upon her personal knowledge, as well as her personal knowledge regarding any complaints about Mahoney. (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

8.    Judy Perugini, c/o Edward Jones, 48 Talmadge Lane, Stamford, CT 06905.   She will testify as to the facts and circumstances of her employment and termination, her involvement and interaction with Mahoney as his branch office administrator, her knowledge of Plaintiff's complaints regarding Mahoney , as well as her personal knowledge regarding any complaints about Mahoney.   (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

9.    Amy Draper, Associate Relations, c/o Edward Jones, 1245 JJ Kelley Memorial Drive, St. Louis, MO   63131.    She will testify as to the facts and circumstances of Plaintiff's employment and termination, her involvement and interaction with Plaintiff and Mahoney regarding Plaintiff's complaints regarding Mahoney based upon her personal knowledge, as well as her personal knowledge

regarding any complaints about Mahoney.  She will also testify as to the discrimination policy at Edward Jones and how it was applied and/or enforced. (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

10.     Lynn Kornita, c/o Edward Jones, c/o Edward Jones, 9 Farrell Street, Wolcott, CT 06716.   She will testify as to the facts and circumstances of Plaintiff's employment and termination, her involvement and interaction with Plaintiff regarding Plaintiff's complaints regarding Mahoney based upon her personal knowledge, as well as her personal knowledge regarding any complaints about Mahoney.   (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

11.     Kristin Commander, 16 Lea Drive, Westbrook, CT.   She will testify as to the facts and circumstances of Plaintiff's employment and termination, her involvement and interaction with Plaintiff and Mahoney regarding Plaintiff's complaints regarding Mahoney based upon her personal knowledge, as well as her personal knowledge regarding any complaints about Mahoney.  (Length of anticipated testimony: direct 1.5 hours; cross  1.5 hour).

12.     Karen Mugmon, c/o Art Director Book Company, 456 Glenbrook Road, Stamford, CT, 06902, (203) 353-1441, 2437 Bedford Street, Unit C7, Stamford, CT 06905, (203) 363-0504.  She will testify as to her personal knowledge of the interaction between Plaintiff and Mahoney, as well as Mahoney's behavior based upon her personal observations.  (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

13.     Gene Rostov, c/o General Resource, 456 Glenbrook Road, Stamford, CT, 06902, (203) 327-5003.  He will testify as to her personal knowledge of the interaction between Plaintiff and Mahoney, as well as Mahoney's behavior based upon his personal observations.  (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

14.     John Sullivan, c/o Edward Jones, 1245 JJ Kelley Memorial Drive, St. Louis, MO  63131.  He will testify as to his personal knowledge of interaction with Plaintiff and Mahoney regarding complaints about Mahoney and his meeting with Mahoney regarding assigning a coach.  (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

15.     Cyndi Catalono.   She will testify as to her personal knowledge of investigation of complaints about Mahoney and her meeting with Mahoney regarding assigning a coach.  (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

16.     Mark Stecher, 6499 Neville Court, Cincinatti, OH.  He will testify as to his personal knowledge of interaction with Mahoney regarding complaints about Mahoney as well as his assignment as a coach to Mahoney.  (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

17.     Price Woodward, c/o Edward Jones, 1245 JJ Kelley Memorial Drive, St. Louis, MO  63131.  He will testify as to the facts and circumstances of Plaintiff's employment and termination, his supervision of Mahoney, as well as his involvement and interaction with Plaintiff and Mahoney regarding Plaintiff's complaints regarding Mahoney based upon his personal knowledge, as well as his personal knowledge

regarding any complaints about Mahoney. He will also testify as to the discrimination policy at Edward Jones and how it was applied and/or enforced. (Length of anticipated testimony: direct 1.5 hours; cross  1.5 hour).

18.    All witness called by Defendant Edward Jones and Defendant Michael Mahoney.

**Plaintiff's Expected Expert Witnesses:**

1.    Dr. Catherine Troy, Primecare Medical LLP, 31 Schuyler Ave, Stamford, CT, 06902, (203) 327-1187.  She will testify as to her medical treatment of Plaintiff, his personal knowledge of her emotional distress as a result of Defendants' discriminatory conduct.  (Length of anticipated testimony: direct 1.5 hours; cross 1.5 hour).

2.    Dr. Harvey Riback, Soundview Medical Associates, 520 West Ave , Norwalk, CT   06850, (203) 838-4000. He will testify as to his medical treatment of Plaintiff and his personal knowledge of her emotional distress as a result of Defendants' discriminatory conduct.  (Length of anticipated testimony: direct 1.5   hours; cross 1.5 hour).

3.    Dr. Jeffrey Cohen, 833 Summer Street #1A, Stamford, CT  06901, (203) 325-9346. He will testify as to his medical treatment of Plaintiff and his personal knowledge of her emotional distress as a result of Defendants' discriminatory conduct. (Length of anticipated testimony: direct 1.5   hours; cross 2 hours).

4.    Dr. Justin Schechter, 22 Fifth Street, Stamford, CT.   He will testify as to his medical treatment of Plaintiff and his personal knowledge of her emotional distress as

a result of Defendants' discriminatory conduct.  (Length of anticipated testimony: direct

1.5  hours; cross 1.5 hour).

      \*Defendants  and  their  witnesses  will  be  cross-examined  regarding  their

involvement in this matter.

**Defendant Edward Jones' Objections to Plaintiff's Expected Witnesses:**

    1.      Defendant's Objections to Dr. Catherine Troy, Dr. Harvey Riback, and Dr. Justin Schechter as expert witnesses:

      Defendant  Edward  Jones  objects  to  Plaintiff  listing  and  attempting  to  call  Dr. Catherine Troy, Dr. Harvey Riback, and Dr. Justin Schechter as expert witnesses.  Each of these persons is one of Plaintiff's treating physicians. Plaintiff only disclosed them as treating  physicians  who  have  knowledge  of  their  "medical  treatment"  of  Plaintiff. Plaintiff never disclosed that any of these persons is an expert or would be called as an expert.  Defendant objects to Plaintiff calling these three physicians for any purpose other than  as  fact  witnesses  to  testify  about  facts  such  as  Plaintiff's  dates  of  treatment, diagnosis and medical treatment.  Defendant specifically objects to Plaintiff calling any of  these  persons  to  testify  as  experts  giving  expert  opinions  as  to  the  causation  of Plaintiff's medical problems being tied or related to Plaintiff's employment with Edward Jones or interaction with Michael Mahoney.  These three physicians are not qualified to testify as experts on the topic of causation of Plaintiff's medical problems or to offer any opinion about Plaintiff's employment at Edward Jones or her interactions with Defendant Mahoney.  Their  testimony  about  whether  the  alleged  conduct  of  Edward  Jones  or Mahoney  was  unlawful  or  caused  any  of  Plaintiff's  medical  problems  invades  the province of the jury, and the probative value, if any, is greatly outweighed by prejudice and confusion which could result. Rule 403.  They are not qualified to testify that the alleged conduct of Edward Jones or Mahoney was unlawful or caused any of Plaintiff's medical  problems  and  their  testimony  on  these  subjects  does  not  meet  the  reliability requirements of *Daubert* or  Rule 702.

    2.   Defendant's Objections to Jeffrey S. Cohen, Ph.D. as an expert witness:

      Defendant Edward Jones objects to Plaintiff attempting to call Jeffrey S. Cohen, Ph.D. as an expert witness.  At his deposition, Dr. Cohen testified that he is Plaintiff's treating psychologist. He testified that as her treating psychologist he acts in an advocacy role for Plaintiff. (Tr. 134, 144)  He testified he did not perform any forensic evaluation of  the  Plaintiff.   (Tr. 144) Dr. Cohen testified that he has acted as a forensic expert and

performed forensic examinations in other cases but that is not the type of evaluation he performed in this case. (Tr. 144, 133-135)  He testified that to evaluate the patient for a forensic evaluation the examiner must take a detailed history of the person including such things as medical history, psychiatric history, educational history, work history, family history. (Tr. 133-135)  He did not do that here and testified that had he done so his conclusions could be different. (Tr. 135)  Instead, in his role as her treating psychologist and advocate, Dr. Cohen testified he simply takes her complaints as true with no evaluation. (Tr. 134)  Dr. Cohen testified that the reason for his written report was to summarize her treatment records.  (Tr. 47)  Dr. Cohen testified that he has no opinion about what caused Plaintiff's mental health illnesses that he diagnosed.   (Tr. 49)  Defendant objects to Plaintiff calling Dr. Cohen for any purpose other than as a fact witness to testify about facts such as Plaintiff's dates of treatment, diagnosis and medical treatment.  Defendant specifically objects to Plaintiff calling Dr. Cohen to testify as an expert giving expert opinions as to the causation of Plaintiff's medical problems being tied or related to Plaintiff's employment with Edward Jones or interaction with Michael Mahoney.  As to Plaintiff he made no such evaluation and is not qualified to testify as an expert on the topic of causation of Plaintiff's medical problems or to offer any opinion about Plaintiff's employment at Edward Jones or her interactions with Defendant Mahoney.   His testimony about whether the alleged conduct of Edward Jones or Mahoney was unlawful or caused any of Plaintiff's medical problems invades the province of the jury, and the probative value, if any, is greatly outweighed by prejudice and confusion which could result. Rule 403.  He is not qualified to testify that the alleged conduct of Edward Jones or Mahoney was unlawful or caused any of Plaintiff's medical problems and his testimony on these subjects does not meet the reliability requirements of *Daubert* or  Rule 702.

**Defendant Michael Mahoney's Objections to Plaintiff's Expected Witnesses:**

Defendant Mahoney joins in Defendant Edward Jones' objections to Plaintiff's Expected witnesses.

**Defendant Edward Jones' Expected Fact Witnesses:**

1.      Marian Deborah Miller, 320 Strawberry Hill Avenue #29, Stamford, CT 06902 (203) 324-9445.   She will testify as to the facts and circumstances of her employment with Edward Jones, including but not limited to her job duties, her interaction with Michael Mahoney and other employees of Edward Jones, Mahoney's

treatment of Plaintiff in the work place, her refusal to return to work at Edward Jones, as well as the damages she claims relating to her employment.  (Length of anticipated testimony: direct 3.5 hours; cross  3.5 hours).

2.     Michael Mahoney, 2625 Park Avenue, #10D, Bridgeport, CT  06604.  He will testify as to the facts and circumstances of Plaintiff's employment, as well as his involvement and interaction with Plaintiff in the branch office.  (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

3.     Barbara Mosca, Investment Representative, Edward Jones, 134 East Park Avenue, Long Beach, NY.  She will testify that she was not Plaintiff's supervisor, as well as her limited involvement and interaction with Plaintiff regarding Plaintiff's general complaints regarding Mahoney, as well as her knowledge regarding Mahoney's employment at Edward Jones. (Length of anticipated testimony: direct 1 hour; cross 1 hour).

4.     Michael Cummins, Investment Representative, Edward Jones, 15 Elm Street, Old Saybrook, CT.  He will testify that he was not Plaintiff's supervisor, as well as his limited involvement and interaction with Plaintiff and Mahoney regarding Plaintiff's general complaints regarding Mahoney, as well as his knowledge regarding Mahoney's employment at Edward Jones. (Length of direct 1 hour; cross 1 hour).

5.     Steven Rarick, Team Leader, Edward Jones, Associate Relations Department, 1245 JJ Kelley Memorial Avenue, St. Louis, MO 63131.  He will testify as to the facts and circumstances of Plaintiff's employment and voluntary resignation/job

abandonment, as well as his involvement and interaction with Plaintiff and Mahoney regarding Plaintiff's complaints regarding Mahoney, his investigation of Plaintiff's complaint and the conclusions he reached based on the investigation.  He will also testify as to the discrimination policy at Edward Jones and how it was applied and/or enforced. (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

6.      Lynn Vassal, Branch Office Administrator, Edward Jones, Edward Jones, 15 Elm Street, Old Saybrook, CT.  She will testify about her job duties as a branch office administrator in Old Saybrook, Connecticut, her limited involvement and interaction with Plaintiff during Plaintiff's employment at Edward Jones. (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

7.      Shannon Bogus, 335 Sylvan Road, Stamford, CT 06902.  She will testify as to the facts and circumstances of her employment in the Stamford, Connecticut branch office and her transfer to another branch office and her limited interaction with Plaintiff. (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

8.      Judy Perugini, c/o Edward Jones, 48 Talmadge Lane, Stamford, CT 06905.  She will testify as to the facts and circumstances of her employment with Edward Jones in the Stamford, Connecticut branch office.    (Length of anticipated testimony: direct 1.5 hours; cross  1 hour).

9.      Amy Draper, Associate Relations, c/o Edward Jones, 1245 JJ Kelley Memorial Drive, St. Louis, MO  63131.  She will testify as to the facts and circumstances of Plaintiff's employment and termination, her involvement and interaction with Plaintiff

and Mahoney regarding Plaintiff's complaints regarding Mahoney based upon her personal knowledge, as well as her personal knowledge regarding any complaints about Mahoney. She will also testify as to the discrimination policy at Edward Jones and how it was applied and/or enforced. (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

10.     Lynn Kornita, c/o Edward Jones, 9 Farrell Street, Wolcott, CT 06716. She will testify as to the facts and circumstances of her employment with Edward Jones, her limited involvement and interaction with Plaintiff. (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

11.     Kristin Commander, 16 Lea Drive, Westbrook, CT. She will testify about her job duties as a branch office administrator in Old Saybrook, Connecticut, her limited involvement and interaction with Plaintiff and Mahoney regarding Plaintiff's employment at Edward Jones. (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

12.     Karen Mugmon, c/o Art Director Book Company, 456 Glenbrook Road, Stamford, CT, 06902, (203) 353-1441, 2437 Bedford Street, Unit C7, Stamford, CT 06905, (203) 363-0504. She will testify as to her personal knowledge of the interaction between Plaintiff and Mahoney, as well as Steve Rarick's contact investigating Plaintiff's claims. (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

13.     Gene Rostov, c/o General Resource, 456 Glenbrook Road, Stamford, CT, 06902, (203) 327-5003. He will testify as to his personal knowledge of the interaction

between Plaintiff and Mahoney, as well as Steve Rarick's contact investigating Plaintiff's Complaint.  (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

14.     John Sullivan, c/o Edward Jones, 1245 JJ Kelley Memorial Drive, St. Louis, MO  63131.  He will testify as to his personal knowledge of and interaction with Plaintiff and Mahoney regarding complaints about Mahoney and his meeting with Mahoney regarding assigning a coach.  (Length of anticipated testimony:  direct 1.5 hours; cross  1 hour).

15.     Cyndi Catalana, c/o Edward Jones.  She will testify as to her personal knowledge of investigation of complaints about Mahoney and her meeting with Mahoney regarding assigning a coach.  (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

16.     Mark Stecher, 6499 Neville Court, Cincinatti, OH.  He will testify as to his personal knowledge of interaction with Mahoney as well as his assignment as a coach to Mahoney.  (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

17.     Price Woodward, c/o Edward Jones.  He will testify as to the facts and circumstances of Plaintiff's employment at Edward Jones, his supervision of Mahoney, as well as his involvement and interaction with Mahoney regarding Plaintiff's employment at Edward Jones based upon his personal knowledge, as well as his personal knowledge regarding any complaints about Mahoney.  (Length of anticipated testimony: direct 1.5 hours; cross 1 hour).

18.    Charlie Goubeaud, Solomon Smith Barney, Inc., 301 Tresser Blvd., 12th Floor, P.O. Box 120018, Stamford, CT 06912-0018.  This witness may testify about Plaintiff's employment at Solomon Smith Barney and the termination of her employment at Solomon Smith Barney.  (Length of anticipated testimony: direct .5 hours; cross 1 hour).

19.    Matt True, Solomon Smith Barney, Inc., 301 Tresser Blvd., 12th Floor, P.O. Box 120018, Stamford, CT 06912-0018.  This witness may testify about Plaintiff's employment at Solomon Smith Barney and the termination of her employment at Solomon Smith Barney.  (Length of anticipated testimony: direct .5 hours; cross 1 hour).

20.    Chris Poidomani, Solomon Smith Barney, Inc., 301 Tresser Blvd., 12th Floor, P.O. Box 120018, Stamford, CT 06912-0018.  This witness may testify about Plaintiff's employment at Solomon Smith Barney and the termination of her employment at Solomon Smith Barney.  (Length of anticipated testimony: direct .5 hours; cross  1 hour).

21.    Tom Ross, Solomon Smith Barney, Inc., 301 Tresser Blvd., 12th Floor, P.O. Box 120018, Stamford, CT 06912-0018.  This witness may testify about Plaintiff's employment at Solomon Smith Barney and the termination of her employment at Solomon Smith Barney.  (Length of anticipated testimony: direct .5 hours; cross 1 hour).

22.    Bernice Green, Solomon Smith Barney, Inc., 301 Tresser Blvd., 12th Floor, P.O. Box 120018, Stamford, CT 06912-0018.  This witness may testify about Plaintiff's employment at Solomon Smith Barney and the termination of her employment

at Solomon Smith Barney.  (Length of anticipated testimony: direct .5 hours; cross 1 hour).

23.    James Deese, Solomon Smith Barney, Inc., 301 Tresser Blvd., 12th Floor, P.O. Box 120018, Stamford, CT 06912-0018.  This witness may testify about Plaintiff's employment at Solomon Smith Barney and the termination of her employment at Solomon Smith Barney.  (Length of anticipated testimony: direct .5 hours; cross 1 hour).

24.    Vera Thornton, Solomon Smith Barney, Inc., 301 Tresser Blvd., 12th Floor, P.O. Box 120018, Stamford, CT 06912-0018.  This witness may testify about Plaintiff's employment at Solomon Smith Barney and the termination of her employment at Solomon Smith Barney.  (Length of anticipated testimony: direct .5 hours; cross 1 hour).

25.    Vlad Spitzer, Spitzer & Brey, L.L.C., 239 Main Street, Westport, CT 06880.  He will testify to authenticate correspondence received concerning plaintiff's refusal to return to work at Edward Jones.   (Length of anticipated testimony: direct 10 minutes; cross 1 hour).

26.    All witnesses listed by Plaintiff and Defendant Mahoney.

**Defendant Edward Jones' Expected Expert Witnesses:**

1.    Howard Zonana, M.D., Director, School of Medicine, Department of Psychiatry, Connecticut Mental Health Center, Law and Psychiatry Division, 34 Park Street, New Haven, CT 06519-1187.  Dr. Zonana will testify concerning the facts and opinions contained in his expert witness report dated April 29, 2004 relating to plaintiff's

claims for emotional distress and mental anguish and regarding his qualifications as an expert.  (Direct Examination 2 hours – Cross 1.5 hours).

**Plaintiff's Objections to Defendant Edward Jones' Expected Witnesses:**

General Objection:

Plaintiff respectfully reserves the right to object to all of Defendant Edward Jones' Expected Witnesses, as they were disclosed to Plaintiff for the first time on Thursday, April 7, 2005.

Specific Objections:

Plaintiff specifically objects to Defendant Edward Jones' Expected Witnesses which relate to Ms. Miller's former employment with Solomon Smith Barney, which were disclosed to Plaintiff for the first time on Thursday, April 7, 2005, including Charlie Goubeaud, Matt True, Chris Poidomani, Tom Ross, Bernice Green, James Deese, and Vera Thornton.  These witnesses are not relevant to any legal claims raised in this case. Further, if parties agree to authentication of documents, it is unnecessary for Vlad Spitzer to testify as to authenticity of his correspondence at trial.  If however, the Court determines that Vlad Spitzer will be called to testify as to authenticity of his correspondence at trial, Plaintiff reserves the right to call Fred Ricks to authenticate his correspondence to Vlad Spitzer.

**Defendant Michael Mahoney's Expected Fact Witnesses:**

1.      Mrs. Harriet Brinen, 44 Lancaster Place, Stamford, CT 06904  (203) 329-0242.  Mrs. Brinen may testify as to Ms. Miller's community activities. (Direct Examination   hours – Cross 1.5 hours).

2.      Peter Couture, 14 Perry Avenue, Norwalk, CT 06850 (203) 847-7163. Mr. Couture may testify concerning Ms. Miller's interpersonal skills and earlier occasions during which she engaged in unusually revealing conversation of a personal nature.  (Direct Examination   hours – Cross 1.5 hours).

3.      Gary Lavena  (914) 656-0219.  Mr. Lavena may testify concerning Ms. Miller's interpersonal skills and earlier occasions during which she engaged in unusually revealing conversation of a personal nature. (Direct Examination      hours – Cross 1.5 hours).

4.      Eileen Mahoney, 173 Brentmoor Rd., East Hartford, CT 06118   (860) 568-1148.  Mrs. Mahoney may testify concerning Ms. Miller's tendency to call Mr. Mahoney at home on a repeated basis.  (Direct Examination     hours – Cross 1.5 hours).

5.      Michael Mahoney, 3983 Park Avenue, Fairfield, CT 06825   (203) 373-0222.  Mr. Mahoney is expected to testify fully as to the facts and circumstances of Ms. Miller's claims.  (Direct Examination    hours – Cross 1.5 hours).

6.      Peter Morandi, c/o Liberty Mutual, 35 Corporate Drive, Trumbull, CT (203) 268-8844Mr. Morandi may testify concerning Ms. Miller's interaction with him and the nature of her conduct. (Direct Examination   hours – Cross 1.5 hours).

7.      Richard Rosa, c/o First County Bank, 117 Prospect Street, Stamford, CT 06902   (203) 462-4220.  Mr. Rosa may testify as to his observations of Ms. Miller and some of her interactions with Mr. Mahoney while she was working for Edward Jones in Stamford. (Direct Examination   hours – Cross 1.5 hours).

*Defendant Mahoney also reserves the right to call all witnesses identified by either the Plaintiff and/or Defendant Edward Jones.

**Defendant Michael Mahoney's Expected Expert Witnesses:**

Defendant Mahoney intends to rely on expert witness Dr. Zonanna produced by

Defendant Edward Jones.

**Plaintiff's Objections to Defendant Michael Mahoney's Expected Witnesses:**

Plaintiff objects to all of Defendant Michael Mahoney's expected witnesses except for Michael Mahoney on the basis of relevance as well as fact none of these witnesses were properly disclosed by Defendant Michael Mahoney, and as such, Plaintiff has not had a meaningful opportunity to depose any of these witnesses.

**(b) EXHIBITS**

**Plaintiffs' Exhibits:**

**1.** Fax cover sheet from Marian Deborah Miller to Steve Rarizk dated 11/9/01

**2.** Correspondence from Marian Deborah Miller to Steve Rarizk dated 11/9/01

**3.** Message from Matthew Bulgini to Michael Cummins dated 12/9/99

**4.** Message from Brian Armogida to Mike Cummins dated 5/9/01

**5.** Message from Mike Mahoney to Mike Cummins dated 2/7/01

**6.** Notes of Mike Cummins re: Mike Mahoney and Mary Kranzberg dated 7/2/01

**7.** Correspondence from John Sullivan to Mike Mahoney dated 2/14/01

**8.** Note from Mike Cummins re: Sullivan correspondence dated 3/1/01

**9.** Note from Mike Cummins re: call from John Sullivan dated 2/7/01

**10.** Note from Mike Cummins re: Shannon Bogus dated 10/25/00

**11.** Edward Jones Nondiscrimination Policy

**12.** Edward Jones Sexual Harassment Policy

**13.** Transcript of Notes from Edward dated 10/17/01-11/28/01 (6 pgs)

**14.** Medical Records from Dr. Justin Schechter (7 pgs)

**15.** Fax cover sheet from Marian Deborah Miller to Steve Rarizk dated 11/12/01

**16.** Fax cover sheet from Marian Deborah Miller to Steve Rarizk dated 11/14/01

**17.** Correspondence from Vlad Spitzer to Steven Rarick dated 11/21/01

**18.** Correspondence from Fred Ricks to Vlad Spitzer dated 2/28/02

**19.** Memo from Mark Stecher to Mike Mahoney dated 12/6/01

**20.** Medical Records from Dr. Harvey Riback (12 pgs)

**21.** Medical Records from Stamford Hospital (36 pgs)

**22.** Medical Records from Dr. Catherine Troy (15 pgs)

**23.** Medical Records from Dr. Jeffrey Cohen (46 pgs)

**24.** Curriculum Vitae for Dr. Jeffrey Cohen (4 pgs)

**25.** Fact Finding Report from Connecticut unemployment administrator (4 pgs)

**26.** Message from Michael Mahoney to Barbara Mosca dated 3/11/02

\* Plaintiff reserves the right to use any of the Defendants' listed exhibits as her own exhibits

### Defendant Edward Jones' Objections to Plaintiff's Exhibits:

Pltf Ex 3 - Message from Matthew Bulgini to Michael Cummins dated 12/9/99

       **Objection:** Relevance, Hearsay

Misleading, confusion of issues, prejudicial Rule 403

Pltf Ex 4    Message from Brian Armogida to Mike Cummins dated 5/9/01

**Objection:** Relevance, Hearsay,
Misleading, confusion of issues, prejudicial Rule 403

Pltf Ex 5    Message from Mike Mahoney to Mike Cummins dated 2/7/01

**Objection:** Relevance, Hearsay,
Misleading, confusion of issues, prejudicial Rule 403

Pltf Ex 6    Notes of Mike Cummins re: Mike Mahoney and Mary Kranzberg dated 7/2/01

**Objection:** Relevance, Hearsay,
Misleading, confusion of issues, prejudicial Rule 403

Pltf Ex 9    Note from Mike Cummins re: call from John Sullivan dated 2/7/01

**Objection:** Relevance, Hearsay,
Misleading, confusion of issues, prejudicial Rule 403

Pltf Ex 10    Note from Mike Cummins re: Shannon Bogus dated 10/25/00

**Objection:** Relevance, Hearsay,
Misleading, confusion of issues, prejudicial Rule 403

Pltf Ex 10    Medical Records from Dr. Justin Schechter (7 pgs)

**Objection:**  Hearsay**,** Authentication, Foundation, Rule 602
Plaintiff refused to produce this exhibit for Defendant

Pltf Ex 10    Correspondence from Vlad Spitzer to Steven Rarick dated 11/21/01

**Objection:** Hearsay,
Foundation, Rule 602

Pltf Ex 19    Memo from Mark Stecher to Mike Mahoney dated 12/6/01

**Objection:** Hearsay,
Authentication, Foundation, Rule 602

Pltf Ex 20    Medical Records from Dr. Harvey Riback (12 pgs)

**Objection:** Hearsay,
Authentication, Foundation, Rule 602

Pltf Ex 21    Medical Records from Stamford Hospital (36 pgs)

**Objection:** Hearsay,
Authentication, Foundation, Rule 602

Pltf Ex 22    Medical Records from Dr. Catherine Troy (15 pgs)

**Objection:** Hearsay,
Authentication, Foundation, Rule 602

Pltf Ex 23    Medical Records from Dr. Jeffrey Cohen (46 pgs)

**Objection:** Hearsay,
Authentication, Foundation, Rule 602

Pltf Ex 25    Fact Finding Report from Connecticut unemployment administrator (4 pgs)

**Objection:** Hearsay,
Authentication, Foundation, Rule 602
Misleading, confusion of issues, prejudicial Rule 403

### Defendant Michael Mahoney's Objections to Plaintiff's Exhibits:

General Objection:

> The foundation for each of the exhibits proposed by Plaintiff and the basis of its authenticity and/or relevance is not always clear from the list of proposed exhibits set forth.  Defendant Mahoney respectfully reserves the right to object on these grounds at the time each exhibit is offered, depending on the foundation set forth by Plaintiff at the time of the offer.

Specific Objections:

As to Proposed Exhibits 3, 4 and 5 Defendant Mahoney objects as these materials are not relevant to the three common law counts brought against him.

As to Proposed Exhibits 6, 8, 9, 10 and 19 Defendant Mahoney objects on the dual grounds that the documents are inadmissible hearsay and that they are not relevant as to the three common law counts brought against him.

As to Proposed Exhibit No. 25, Defendant Mahoney objects.  The exhibit contains self-serving irrelevant statements by Plaintiff as well as hearsay from unemployment compensation personnel.  Its prejudicial value outweighs any probative value that the exhibit may have.  Further, since Defendant Mahoney was not given any notice of the unemployment Hearing nor any opportunity to attend and be heard, use of this exhibit would violate the requirements of due process.  However, Defendant Mahoney reserves his right to use properly redacted potions of this exhibit should they become relevant : e.g. if it becomes apparent that there is an inconsistency between Plaintiff's testimony at trial and the content of her earlier statement.

As to Proposed Exhibit No. 26, Defendant Mahoney has not been able to identify the proposed exhibit and therefore reserves his right to object.

**Defendant Edward Jones' Exhibits:**

| PL | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD |
|----|-----|-------------|-----|-----|------|----------|
| | 501 | Memo Notification Form, 07/11/02, Miller date of hire | | | | |
| | 502 | Memo Notification Form, 03/05/02, Miller voluntary resignation, effective 02/28/02 | | | | |
| | 503 | Miller's Branch Associate Hiring Requirements Checklist | | | | |
| | 504 | Branch Staff Training Agreement | | | | |
| | 505 | Miller Employment Application | | | | |
| | 506 | Employment At Will Acknowledgment form signed 07/23/01 | | | | |
| | 507 | Sexual Harassment Policy signed 07/18/01 | | | | |
| | 508 | Nondiscrimination Policy signed 07/18/01 | | | | |
| | 509 | Reporting Hours Worked and Time Off signed 07/18/01 | | | | |
| | 510 | Miller's BOA training record | | | | |
| | 511 | Basic BOA training modules | | | | |

| PL | DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD |
|---|---|---|---|---|---|---|
| | 512 | 11/09/01 fax from Miller to Rarick | | | | |
| | 513 | 11/09/01 second fax from Miller to Rarick | | | | |
| | 514 | 11/21/01 letter from Spitzer to Rarick | | | | |
| | 515 | Associate Relations Branch Notes for Branch 15807 | | | | |
| | 516 | Rarick's incoming call notes | | | | |
| | 517 | 12/07/01 fax from Mahoney to Rarick | | | | |
| | 518 | 01/07/02 wires between Mahoney and Rarick | | | | |
| | 519 | 01/14/02 wire re: Miller's pay | | | | |
| | 520 | 02/14/01 letter from Sullivan to Mahoney | | | | |
| | 521 | 12/06/01 memo M. Stecher | | | | |
| | 522 | 01/18/02 letter from Ricks to Spitzer | | | | |
| | 523 | Note from Miller to Ricks | | | | |
| | 524 | 02/21/02 letter from Ricks to Spitzer | | | | |
| | 525 | 02/22/02 letter from Spitzer to Ricks | | | | |
| | 526 | 02/28/02 letter from Ricks to Spitzer | | | | |
| | 527 | 02/14/01 letter from Sullivan to Mahoney | | | | |
| | 528 | 03/11/02 memo notification form Mahoney resignation | | | | |
| | 529 | Mahoney's IR Performance Tracking chart | | | | |
| | 530 | Mahoney's IR Financial Summary | | | | |
| | 531 | 12/05/01 letter from Miller to Mosca | | | | |
| | 532 | 12/05/01 letter from Miller to Mosca | | | | |
| | 533 | 11/28/00 wire to M. Cummins with handwritten notes | | | | |
| | 534 | 12/13/99 wire from Mahoney to Cummins | | | | |
| | 535 | 12/09/99 wire from Mahoney | | | | |
| | 536 | 05/09/01 wire to Cummins | | | | |
| | 537 | 02/07/01 wire from Mahoney to Cummins | | | | |
| | 538 | 07/02/01 notes re: Mahoney | | | | |
| | 539 | 02/14/01 letter from Sullivan to Mahoney | | | | |
| | 540 | 02/14/01 letter with 03/01/01 handwritten notes | | | | |
| | 541 | 02/07/01 note re: Mahoney | | | | |

| PL | DF | Description | OFF | OBJ | RCVD | NOT RCVD |
|----|-----|-------------|-----|-----|------|----------|
|    | 542 | 10/25/00 note re: Bogus | | | | |
|    | 543 | 04/18/02 Charge of Discrimination | | | | |
|    | 544 | 01/24/03 Notice Of Right To Sue | | | | |
|    | 545 | 10/18/02 letter from Connecticut CHRO re: Notice of Final Agency Action | | | | |
|    | 546 | 11/07/02 Release of Jurisdiction from Connecticut CHRO | | | | |
|    | 547 | Miller's employment file from Smith Barney | | | | |
|    | 548 | Miller's payroll records from Smith Barney | | | | |
|    | 549 | *Miller v. Miller* Judgment | | | | |
|    | 550 | Miller's 2001 and 2002 W-2 forms, with payroll register | | | | |
|    | 551 | Miller's 2001 tax return | | | | |
|    | 552 | Miller's 2002 tax return | | | | |
|    | 553 | Dr. Zonana's 04/29/04 report | | | | |
|    | 554 | Dr. Zonana's Curriculum Vitae | | | | |
|    | 555 | Dr. Zonana's record of Expert Witness Testimony | | | | |
|    | 556 | Dr. Baranoski's Curriculum Vitae | | | | |
|    | 557 | Dr. Cohen's report, with Miller's medical records | | | | |
|    | 558 | Dr. Cohen's TSI Item Booklet re: Miller | | | | |
|    | 559 | Miller's additional medical records and testing from Dr.Cohen | | | | |
|    | 560 | Miller's medical records from Hematology Oncology | | | | |
|    | 561 | Miller's medical records from Dr. Catherine Troy | | | | |
|    | 562 | Miller's medical records from Norwalk Medical Group | | | | |
|    | 563 | Miller's medical records from Soundview Medical Associates | | | | |
|    | 564 | Miller's medical records from Orthopaedic & Neurosurgery Specialists | | | | |
|    | 565 | Miller's medical records from Women's Health Center of New England | | | | |
|    | 566 | Miller's medical records from The Stamford Hospital | | | | |
|    | 567 | Miller's medical records from The Stamford Hospital | | | | |
|    | 568 | Miller's medical records from The Stamford Hospital | | | | |
|    | 569 | Miller's medical records from Dr. Girolamo | | | | |

All exhibits listed by Plaintiff and separate Defendant Mahoney.

**Plaintiff's Objections to Defendant Edward Jones' Exhibits:**

General Objection:

Pursuant to Court's Order, parties were required to exchange lists of proposed witnesses, exhibits and deposition transcripts prior to preparing and submitting the Joint Trial Memorandum. Additionally, copies of actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. Plaintiff received Defendant Edward Jones' exhibits on Friday, April 08, 2005, at 10:30 a.m., and the list describing each exhibit at 2:00 p.m., and has not been sufficiently afforded the opportunity to review Defendant Edward Jones' exhibits in order to make a determination as to whether Plaintiff intends to object. As a result, Plaintiff respectfully reserves the right to object to all of Defendant Edward Jones' exhibits. To the extent Plaintiff has made a cursory review of Defendant Edward Jones' list and exhibits, the foundation for each of the exhibits proposed by Defendant Edward Jones and the basis of its authenticity and/or relevance is not always clear from the list of proposed exhibits submitted. Plaintiff respectfully reserves the right to object on these grounds at the time each exhibit is offered, depending on the foundation set forth by Defendant Edward Jones at the time of the offer.

To the extent that exhibits are duplicative of Plaintiff's exhibits, Plaintiff reserves the right to withdraw her objection, moreover, to the extent, Plaintiff and Defendants are using identical medical records, Plaintiff withdraws any objections, including any related to authentication of these records.

**Defendant Michael Mahoney's Exhibits:**

**601.**     A receipt showing the return of certain goods which had previously been given as a gift to Mr. Mahoney from Ms. Miller.

**\*** Defendant Mahoney also reserves the right to offer any of the exhibits identified by the other parties in this matter.

**Plaintiff's Objections to Defendant Michael Mahoney's Exhibits:**

General Objection:

Pursuant to Court's Order, parties were required to exchange lists of proposed witnesses, exhibits and deposition transcripts prior to preparing and submitting the Joint Trial Memorandum.  Additionally, copies of actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum.  Plaintiff received Defendant Michael Mahoney's list of exhibits on Friday, April 08, 2005, at 10:30 a.m., but not the actual exhibit, and has not been sufficiently afforded the opportunity to review Defendant Michael Mahoney's exhibit in order to make a determination as to whether Plaintiff intends to object.  As a result, Plaintiff respectfully reserves the right to object to Defendant Michael Mahoney's exhibit.  To the extent Plaintiff has made a cursory review of Defendant Michael Mahoney's list of exhibit, the foundation for the exhibit proposed by Defendant Michael Mahoney and the basis of its authenticity and/or relevance is not clear from the proposed exhibit list submitted.  Plaintiff respectfully reserves the right to object on these grounds at the time the exhibit is offered, depending on the foundation set forth by Defendant Michael Mahoney at the time of the offer.

### (c)  DEPOSITION TESTIMONY

Parties do not intend to call witnesses by deposition.

### 9.  STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:

**THE PARTIES' STIPULATED UNCONTROVERTED FACTS:**

1.     Edward D. Jones & Co., L.P., d/b/a Edward Jones, employed Marian Deborah Miller in Stamford, Connecticut, as a Branch Office Administrator from July 11, 2001 until February 28, 2002.

2.     Edward Jones is an employer subject to Title VII, employing more than 85 persons in Connecticut and more than 500 persons total.

3.      Edward Jones maintained a branch office in Stamford, Connecticut from July 11, 2001 through February 28, 2002, which was staffed by Michael Mahoney, an investment representative, and Plaintiff, a branch office administrator.

4.      Michael Cummins was employed as an Edward Jones investment representative in Old Saybrook, Connecticut during the time Plaintiff was employed with Edward Jones.

5.      Barbara Mosca was employed as an Edward Jones investment representative in Long Beach, New York during the time Plaintiff was employed with Edward Jones.

6.      Steven Rarick was employed as a team leader in Edward Jones' associate relations department during the time Plaintiff was employed with Edward Jones.

7.      Plaintiff left the office of Edward Jones on November 9, 2001, and sent Steven Rarick in the Associate Relations Department of Edward Jones a letter by facsimile regarding her complaint against Mahoney.

8.      Following the investigation of Plaintiff's complaints about Mahoney's conduct, Plaintiff refused to return to work in the Edward Jones Stamford, Connecticut branch office, so her employment with Edward Jones ended on February 28, 2002.

**THE PARTIES' AGREED STATEMENT OF CONTESTED ISSUES OF FACT AND LAW:**

1.   Whether Edward Jones maintained effective sexual harassment and non-discrimination policies;

2.   Whether during Plaintiff's employment with Edward Jones, Michael Cummins, Barbara Mosca, and Steven Rarick were aware of Plaintiff's complaints regarding Michael Mahoney;

3.   Whether Defendant Edward Jones subjected Plaintiff to a hostile environment based on gender and sexual orientation;

4.   Whether Defendant Michael Mahoney's conduct was sufficiently severe or pervasive that a reasonable person would have found the work environment to be hostile or abusive;

5.   Whether Defendant Edward Jones exercised reasonable care to prevent and correct promptly any discriminatory behavior;

6.   Whether Plaintiff failed unreasonably to take advantage of any preventative or corrective opportunities provided by Defendant Edward Jones or to otherwise avoid harm from any discriminatory hostile environment;

7. Whether Defendant Edward Jones acted unreasonably by asking Plaintiff to return to work in the two-person branch office with Defendant Michael Mahoney, despite Plaintiff's concerns and complaints about Mahoney;

8. Whether Defendant Edward Jones constructively discharged Plaintiff by subjecting her to a hostile working environment so intolerable that a reasonable person would feel compelled to quit, resign, or abandon her job by failing or refusing to return to work;

9. Whether Defendant Michael Mahoney intentionally caused Plaintiff emotional distress;

10. Whether Defendant Michael Mahoney invaded Plaintiff's privacy;

11. Whether Defendant Michael Mahoney assaulted Plaintiff;

12. The extent to which, if at all, Mr. Mahoney engaged in the types of conduct alleged by Plaintiff;

13. Whether Plaintiff was damaged; and if so what is fair compensation for damages suffered, if any, by Plaintiff as a result of Defendant Edward Jones;

14. Whether Plaintiff was damaged; and if so what is fair compensation for damages suffered, if any, by Plaintiff as a result of Defendant Michael Mahoney; and

15. All facts pertaining to Plaintiff's pecuniary and non-pecuniary damages.

**(a) BENCH TRIAL**

This case is not to be tried by the Court.

**(b) JURY TRIAL**

**(1) Proposed Voir Dire Questions**

Pursuant to the instructions contained in the Court's Joint Trial Memorandum Order, the parties' proposed voir dire questions are attached hereto as separate documents.

**(2) Proposed Jury Instructions**

The instructions in the Joint Trial Memorandum Order indicate that counsel are not required to submit general jury instructions. Categories of instructions that would be general in nature include, but are not limited to, those discussing the jury's role in civil actions, standards of proof, evidence in general, evidentiary objections and rulings, and credibility of witnesses. The parties assume that the Court will use its own general instructions. As a result, the parties will not submit their own general jury instructions, including those addressing the above-listed categories, at this time.

Pursuant to the instructions contained in the Joint Trial Memorandum Order, the parties' requests for jury instructions and any objections are attached hereto as separate documents.

**(3) Proposed Verdict Form**

Pursuant to the instructions contained in the Court's Joint Trial Memorandum Order, the parties' proposed verdict form and/or special interrogatories and any objections are attached hereto as separate documents.

**(4) Brief Description of Case and Parties:**

Marian Deborah Miller, was employed by Edward Jones Investments in Stamford, Connecticut, as a Branch Office Administrator in July 2001.  She worked in a two-person branch office in which she reported to her supervisor, Michael Mahoney, an Investment Representative.  Over the course of four months, from July until November 2001, Ms. Miller alleges she was subjected to discrimination from Mr. Mahoney on the basis of her gender and sexual orientation.  In November 2001, Ms. Miller contacted Steven Rarick of Associate Relations Department at Edward Jones' headquarters.  She reported her complaints regarding Mr. Mahoney to Mr. Rarick.  Edward Jones made a determination that although Mr. Mahoney had engaged in behavior that was inappropriate, he would receive a warning and be allowed to continue working for Edward Jones.  Ms. Miller was fearful of returning to an office where she would be working only with Mr. Mahoney. Edward Jones formally terminated Ms. Miller's employment on March 5, 2002.  Mr. Mahoney resigned from Edward Jones on March 11, 2002.

## 10. ANTICIPATED EVIDENTIARY PROBLEMS

Both Plaintiff and Defendant Edward Jones have filed motions in limine which are attached and address anticipated evidentiary problems.  Defendant Mahoney joins in Edward Jones' motion in limine.

Dated at Westport, Connecticut, this _____ day of April, 2005.


By:_____     By:_____
     Vlad G. Spitzer, Esquire (# ct14260)       Lewis D. Brey, Esquire (# ct16519)
     Spitzer & Brey L.L.C.       Spitzer & Brey L.L.C.
     239 Main Street       239 Main Street
     Westport, CT  06880       Westport, CT  06880
     203-226-3266 (phone)       203-226-3266 (phone)
     203-226-3262 (fax)       203-226-3262 (fax)
     Vgspitzer@spitzerbrey.com       ldbrey@spitzerbrey.com


Dated at Westport, Connecticut this _____ day of April, 2005.


By:_____
     Peter E. Gillespie, Esq. (#ct 06554)
     46 Riverside Avenue
     Westport, CT  06880
     Telephone: (203) 227-7000
     Facsimile:  (203) 454-5508
     petelaw@attglobal.net

Dated at St. Louis, Missouri, this _____ day of April, 2005.


By:_____
    Fred A. Ricks, Jr. Esq. (#          )
    Harris Dowell Fisher & Harris, L.C.
    15400 South Outer Forty – Suite 202
    St. Louis, Missouri  63017-2063
    Telephone:  (636)532-0300
    Facsimile: (636) 532-0246
    far@hdfh.com



Dated at Bridgeport, Connecticut this _____ day of April, 2005.


By:_____
    Michael N. LaVelle, Esq. (#ct 06170)
    Pullman & Comley, LLC
    850 Mail Street, P.O. Box 7006
    Bridgeport, CT 06601-7006
    Telephone:  (203)330-2112
    Facsimile: (203)330-2288
    mlavelle@pullcom.com