UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
*******************************************
                                          *
MARIAN DEBORAH MILLER,
              Plaintiff,                  *    CIVIL ACTION NO. 3:03-CV-193 (MRK)

              v.                          *

EDWARD D. JONES & Co.,                    *    APRIL 11, 2005
Et Al.,
              Defendants.                 *

********************************************
```

**DEFENDANT MAHONEY'S PROPOSED JURY INSTRUCTIONS
AND SPECIAL INTERROGATORIES**

Miller v. Edward Jones, et al.                                          Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

<u>As To Assault</u>:

In this case the Plaintiff alleges that she was assaulted by Defendant Mahoney and she seeks to recover damages as a result.

An assault occurs when there is any intentional attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability to do so, and an intentional display of force such as would give the person being assaulted reason to fear or expect immediate bodily harm. An assault may be committed without actually touching, or striking, or doing bodily harm to the person.[1]

On the other hand, for an assault to occur there must be an overt act evidencing an attempt to do bodily harm, which actually falls short of a battery [of any actual touching or physical contact].[2]

---

[1] O'Malley, Grenig and Lee, <u>Instructions for Civil Diversity Cases</u> (5th Ed. 2000) at §121.10.

[2] <u>Stack v. Perez</u>, 248 F. Supp 2d 106, 110 (D. Conn. 2003)

Miller v. Edward Jones, et al.                    Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

As To Intentional Infliction of Emotional Distress:

Plaintiff alleges that by his actions Mr. Mahoney intentionally inflicted emotional distress upon her.  In order to prevail on this claim, Plaintiff must show:

1. That Mr. Mahoney intended to inflict emotional distress:

2. That his conduct was extreme and outrageous;

3. That Mr. Mahoney's actions caused Plaintiff's emotional distress; and

4. That the emotional distress sustained by the Plaintiff was severe.[3]

With respect to the extreme and outrageous nature of the conduct, the Plaintiff may prevail only in those circumstances where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Mere insults, indignities or annoyances will not suffice.[4]

---

[3] *Peytan v. Ellis*, 200 Conn 243, 253, 510 A2d 1337, 1342 (1986); *Accord*, Eades, Jury Instructions on Damages in Court Actions, §7.07 (5th Ed. 2004).

[4] *Kintner v. Nidec-Torin Corp.*, 662 F. Supp. 112, 114 (D. Conn. 1987);  see, also *Peytan v. Ellis*, 200 Conn at 254 n.5, 510 A2d at 1342 n.5.

Miller v. Edward Jones, et al.                                      Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

<u>As to Invasion of Privacy</u>:

Ms. Miller's claim that Mr. Mahoney invaded her privacy is based upon the principle of unreasonable intrusion in to the seclusion of another. This principle encompasses the right to keep private certain matters which are personal and not intended to be disclosed or discussed[5]. Such a claim requires Ms. Miller to prove that there was an intentional intrusion and that the intrusion was of such a character that it was highly offensive to a reasonable person.[6]

Of course, when Ms. Miller asserts this principle it must also be true that she herself has maintained the information in a personal and private manner.[7]

---

[5] <u>Goodrich v. Waterbury Republican-American</u>, 188 Conn. 107, 488 A. 2d 1317 (Conn. 1982)

[6] 3 Restatement (Second), Torts, §652B (1977).

[7] <u>Moffett v. Gene B. Glick Co</u>., 621 F. Supp. 244, 283 (N. D. Ind. 1985) (waiver by making topic a subject of office conversation).

Miller v. Edward Jones, et al.                                         Docket No. 3:03cv193 (MRK)

## Defendant Mahoney's Proposed Jury Instructions

<u>As to General Instructions</u>:

The Court's Order relieves the parties from the burden of submitting general jury instructions.  However, given the nature of this matter, Defendant Mahoney respectfully submits two proposed general instruction.  Typically, a Court will adopt a general instruction touching on the issue of bias, as follows:

> You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[8]

Given the nature of this case Defendant Mahoney respectfully requests that this general instruction be expanded, as follows:

> You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  **This is true even with respect to strongly held personal beliefs or opinions regarding "hot button issues" including sexual orientation**.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Secondly, Plaintiff has proposed instructions on damages as to which Mr. Mahoney has objected.  We offer the following damage instruction for consideration by the Court.

<u>DAMAGES – STATE LAW CLAIMS</u>

As I have previously described, among her claims in this matter Ms. Miller alleges that Mr. Mahoney assaulted her, inflicted emotional distress upon her, and invaded her privacy.  I

---

[8] General Civil Instructions, §103.01

Miller v. Edward Jones, et al.                                        Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

have already instructed you as to the requirements for you to consider and determine each of these claims. If you find by a preponderance of the evidence that with respect to any or all of these claims Ms. Miller has proved her claim, then you must award her such damages against Mr. Mahoney as you find to be appropriate for each claim which you find to have been proven. If you conclude that she has not proven one or more of these claims, then you would award her no damages for such of the claims against Mr. Mahoney which you conclude were not proven. I now want to instruct you as to how you should determine damages with respect to these three claims, should you find that an award of damages is appropriate.

With respect to each of the three claims which is proven, if any, damages fall into two categories. Special Damages. Special damages are those economic losses which Ms. Miller has sustained to date, or is reasonably certain to suffer in the future including the amount of money which Ms. Miller has expended as a result of Mr. Mahoney's conduct with respect to any proven claim including the amount of actual damage which is a natural consequence of these actions, if proven to have occurred.

The second category is Compensatory Damages: With respect to any of these three claims which are proven, you may compensate Ms. Miller for any harm which is the result of Mr. Mahoney's actions, including any mental or emotional distress caused, if it is of a kind that normally results from the conduct at issue.

Miller v. Edward Jones, et al.                                   Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

**AS TO THE CLAIM OF ASSAULT**:

Do you find by the preponderance of the evidence:

1. That Mr. Mahoney intentionally attempted or threatened to inflict injury upon Ms. Miller ?

    ANSWER:   Yes _____    No _____

*Proceed to No. 2 only if you answered yes.*


2. At the time of the action described in No. 1, above did Mr. Mahoney have an apparent ability to inflict the attempted or threatened injury upon Ms. Miller ?

    ANSWER:   Yes _____    No _____

*Proceed to No. 3 only if you answered yes.*


3. At the time of the events described in Nos. 1 and 2, above, did Mr. Mahoney make an intentional display of force sufficient to place Ms. Miller in fear that she might suffer immediate bodily harm ?

    ANSWER:   Yes _____    No _____

**NOTE:  IF YOU HAVE ANSWERED "NO" TO ANY OF THE PRECEDING QUESTIONS, YOU SHOULD SKIP THE REMAINDER OF THE QUESTIONS ON THIS FORM.  THE FOREPERSON SHOULD SIGN AND DATE THE FORM. PROCEED TO THE REMAINING QUESTIONS ONLY IF YOU HAVE ANSWERED "YES" TO ALL OF THE QUESTIONS 1 – 3.**

Miller v. Edward Jones, et al.                              Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

4.  Do you find that Mr. Mahoney assaulted Ms. Miller ?

                ANSWER:   Yes _____          No _____

*Proceed to Nos. 5 and 6 only if you answered yes*.


5.  Do you find that as the result of this assault Ms. Miller should be awarded damages separate and distinct from any other damages which you may award in this case, to compensate her for a net loss of wages and benefits from the assault to the time of this trial ?

                ANSWER    Yes \_\_\_\_\_          No _____


If your answer is "Yes," in what amount ?  $ _____


6.  Do you find that as the result of this assault Ms. Miller should be awarded damages separate and distinct from any other damages which you may award in this case, to compensate her for emotional pain and mental anguish from the assault to the time of this trial ?

                ANSWER    Yes \_\_\_\_\_          No _____


If your answer is "Yes," in what amount ?  $ _____


_____             _____
Foreperson                                                         Date

Miller v. Edward Jones, et al.                                              Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

## AS TO INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

Do you find by the preponderance of the evidence:

1. That Mr. Mahoney intended to inflict emotional distress upon Ms. Miller ?

    ANSWER:    Yes _____    No _____

*Proceed to No. 2 only if you answered yes.*


2. That Mr. Mahoney's conduct toward Ms. Miller was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community ?

    ANSWER:    Yes _____    No _____

*Proceed to No. 3 only if you answered yes.*


3. That Mr. Mahoney's actions caused Ms. Miller's emotional distress?

    ANSWER:    Yes _____    No _____

*Proceed to No. 4 only if you answered yes.*


4. That the emotional distress sustained by Ms. Miller was severe?

    ANSWER:    Yes _____    No _____

Miller v. Edward Jones, et al.                                      Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

**NOTE: IF YOU HAVE ANSWERED "NO" TO ANY OF THE PRECEDING QUESTIONS, YOU SHOULD SKIP THE REMAINDER OF THE QUESTIONS ON THIS FORM. THE FOREPERSON SHOULD SIGN AND DATE THE FORM. PROCEED TO THE REMAINING QUESTIONS ONLY IF YOU HAVE ANSWERED "YES" TO ALL OF THE QUESTIONS 1 – 4.**

5. Do you find that Mr. Mahoney intentionally inflicted emotional distress upon Ms. Miller ?

        ANSWER:    Yes _____        No _____

*Proceed to Nos. 6 and 7 only if you answered yes.*

6. Do you find that as the result of this infliction Ms. Miller should be awarded damages, separate and distinct from any other damages which you may award in this case, to compensate her for a net loss of wages and benefits arising from the intentional infliction of emotional distress ?

        ANSWER    Yes \_\_\_\_\_        No _____

If your answer is "Yes," in what amount ?  $ _____

7. Do you find that as the result of this infliction Ms. Miller should be awarded damages separate and distinct from any other damages which you may award in

Miller v. Edward Jones, et al.                                        Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

this case, to compensate her for emotional pain and mental anguish arising from the intentional infliction of emotional distress ?

ANSWER    Yes _____          No _____

If your answer is "Yes," in what amount ?  $ _____


_____          _____
Foreperson                                                                Date

Miller v. Edward Jones, et al.	Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

**AS TO THE CLAIM OF INVASION OF PRIVACY**:

Do you find by the preponderance of the evidence:

1. That Mr. Mahoney intentionally intruded upon a private matter of Ms. Miller?

    ANSWER:	Yes _____	No _____

*Proceed to No. 2 only if you answered yes.*

2. That by her own conduct Ms. Miller did not waive her right to keep these matters private ?

    ANSWER:	Yes _____	No _____

*Proceed to No. 3 only if you answered yes.*

3. That the intrusion into a private matter which occurred in this case would have been highly offensive to a reasonable person ?

    ANSWER:	Yes _____	No _____

**NOTE: IF YOU HAVE ANSWERED "NO" TO ANY OF THE PRECEDING QUESTIONS, YOU SHOULD SKIP THE REMAINDER OF THE QUESTIONS ON THIS FORM. THE FOREPERSON SHOULD SIGN AND DATE THE FORM. PROCEED TO THE REMAINING QUESTIONS ONLY IF YOU HAVE ANSWERED "YES" TO ALL OF THE QUESTIONS 1 – 3.**

Miller v. Edward Jones, et al.                                      Docket No. 3:03cv193 (MRK)
Defendant Mahoney's Proposed Jury Instructions

4. Do you find that Mr. Mahoney invaded the privacy of Ms. Miller ?

        ANSWER:   Yes _____          No _____

*Proceed to Nos. 5 and 6 only if you answered yes.*


5. Do you find that as the result of this invasion Ms. Miller should be awarded damages, separate and distinct from any other damages which you may award in this case, to compensate her for a net loss of wages and benefits due to the invasion of her privacy ?

        ANSWER    Yes \_\_\_\_\_          No _____

If your answer is "Yes," in what amount ?  $ _____


6. Do you find that as the result of this assault Ms. Miller should be awarded damages separate and distinct from any other damages which you may award in this case, to compensate her for emotional pain and mental anguish due to the invasion of her privacy ?

        ANSWER    Yes \_\_\_\_\_          No _____


If your answer is "Yes," in what amount ?  $ _____


_____          _____
Foreperson                                                                  Date

Miller v. Edward Jones, et al.                              Docket No. 3:03cv193 (MRK)
Defendant Mahoney's Proposed Jury Instructions

                                                Respectfully submitted,

                                                THE DEFENDANT
                                                MICHAEL MAHONEY


                                          By:_____
                                              Peter E. Gillespie ct06554
                                              46 Riverside Avenue
                                              Westport, CT 06880
                                              Tel: (203) 227-7000
                                              Fax: (203) 454-5508
                                              E-mail: petelaw@attglobal.net

Miller v. Edward Jones, et al.                                    Docket No. 3:03cv193 (MRK)

Defendant Mahoney's Proposed Jury Instructions

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing motion was served this 11th day of April, 2005 by U. S. Post, postage pre-paid upon the following:

| | |
|---|---|
| Huma Kahn, Esq.<br>Spitzer & Brey<br>239 Main Street  - 2d Floor<br>Westport, CT 06880 | Michael N. LaVelle, Esq.<br>Pullman & Comley, LLC<br>850 Main Street<br>Bridgeport, CT 06604 |

Fred A. Ricks, Jr., Esq.
Harris, Dowell, Fisher & Harris, L.C.
15400 South Outer Forty, Suite 202
St. Louis, MO 63017

 

                                                _____
                                                Peter E. Gillespie