UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIAN DEBORAH MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **CIV NO.** |
| | ) | **3:03CV 0193 (MRK)** |
| EDWARD D. JONES & CO., L.P., | ) | |
| MICHAEL MAHONEY, MICHAEL | ) | |
| CUMMINS, BARBARA MOSCA, and | ) | |
| STEVEN RARICK, | ) | |
| | ) | |
| Defendants. | ) | |

April 12, 2005

## DEFENDANT EDWARD JONES' PROPOSED VOIR DIRE

COMES NOW Defendant Edward D. Jones & Co., L.P. ("Edward Jones") and submits its proposed voir dire questions as follows:

Good morning, ladies and gentlemen. You have been called here to this Court today for possible service on a jury which will hear the case of *Marian Deborah Miller v. Edward Jones* and render a verdict. Because our legal system depends upon the existence of a fair and impartial jury to decide the issues before it, I am going to ask you some questions which are designed to help ensure that that will be the case. After I ask my questions, the lawyers for the Plaintiff Marian Deborah Miller and for the Defendants Edward Jones and Michael Mahoney will ask you some further questions on an individual basis.

In order to help you answer the questions, I will briefly review for you the claims of the parties which are to be resolved in this lawsuit.

First, Plaintiff Miller claims that during her employment with Defendant Edward Jones her supervisor, Defendant Michael Mahoney, the Edward Jones broker in whose office she worked, violated state and federal discrimination laws by subjecting her to a hostile environment

based on gender because she is female, and based on sexual orientation because she is heterosexual. Plaintiff Miller claims Edward Jones should be held liable for Mr. Mahoney's conduct. Ms. Miller claims that Edward Jones is liable for Mahoney's conduct because it failed to adequately respond to complaints she made.

Edward Jones denies that Mr. Mahoney subjected Ms. Miller to a hostile work environment because of gender or sexual orientation. Edward Jones further contends that Ms. Miller did not make a timely complaint about Mr. Mahoney's conduct as required under Edward Jones policy, that when she did complain Edward Jones responded appropriately to her complaints, and that Edward Jones therefore is not liable even if Ms. Miller establishes Mr. Mahoney subjected her to a hostile work environment because of gender or sexual orientation.

Ms. Miller's employment with Edward Jones ended on February 28, 2002. Edward Jones says this came about because she refused to return to work following repeated requests by Edward Jones, thereby quitting or abandoning her employment. Ms. Miller claims she was forced to refuse to return to work due to unlawful and intolerable working conditions.

Ms. Miller is also pursuing claims against Mr. Mahoney for intentional infliction of emotional distress, invasion of privacy, and assault.

I ask you to raise your hand if your answer to any of my questions is yes. I emphasize that in the trial of this case, the parties are entitled to have a fair, unbiased and unprejudiced jury decide the issues. If there is any reason why any of you might be biased or prejudiced in any way, you must disclose such reason when you are asked to do so. It is your duty to make such disclosure.

## GENERAL QUESTIONS ADDRESSED TO JURY PANEL AS A WHOLE, WITH INDIVIDUAL FOLLOW-UP AS NEEDED

1.      Do any of you know any reason why you might be unable to render a fair and unbiased verdict in this case?

2.      Would each of you be able to render a decision based on the facts presented and the instructions and rulings on the law, and not decide this case and based on your own political, moral, religious, or other preconceived ideas regarding matters such: sexuality, homosexuality, discrimination, responsibility of businesses for conduct of their employees, when a work environment should be considered unlawfully hostile, and when a business should be held liable for terminating an employee after the employee refused to return to work?

3.      Whether you approve or disapprove of the Court's rulings or instructions, it is your solemn duty to accept as correct these statements of the law.  You may not substitute your own idea of what you think the law ought to be or make a decision based on sympathy, emotion, or personal belief that is contrary to the evidence and the law.  Will all of you follow the law as given to you by the Court in this case?

4.      Do any of you have any physical impairment of sight or hearing, or any health problem that might interfere with your ability to serve as a juror?

5.      Have any of you served as a juror or witness in a case involving any of these parties, attorneys or witnesses?

6.      Have any of you served as a juror in any other case?

7.      If anyone answers in the affirmative to question 4:

      a.      In what kind of case?

      b.      Who was the verdict for?

3

      c.     Is there anything in your prior jury service that would render you unable to be fair and impartial in this case?

8.     The parties to this case and their respective attorneys are:

Marian Deborah Miller, Plaintiff
Vlad G. Spitzer and Lewis D. Brey, Spitzer & Brey L.L.C., Attorneys for Plaintiff

Michael Mahoney, Defendant
Peter E. Gillespie, Attorney for Defendant Michael Mahoney

Edward D. Jones & Co., L.P.
Fred A. Ricks, Jr., Harris Dowell Fisher & Harris, L.C., and Michael N. LaVelle, Pullman & Comley, LLC, Attorneys for Defendant Edward Jones

Have you or any members of your families or persons close to you done business with or had any personal relationship with any of these attorneys or law firms?

9.     To any juror answering in the affirmative to question 6:

      a.     What is or was the nature of this business or personal relationship?

      b.     How long did it last?

      c.     In the course of this relationship, what impressions or opinions did you form about such attorney or firm?

      d.     Would this relationship, or such impressions or opinions, cause you to be unable to render a fair and impartial verdict?

      e.     Why or why not?

10.     One of the Defendants in this case, Edward Jones, is a stock brokerage company. Are any of you doing business with or do any of you have any relationship with Edward Jones, or have any of you in the past done business with or had a relationship with Edward Jones?

11.     Are any of you related to any officer, director, partner or any employee or past employee of Edward Jones?

4

12.     Have any members of your families or persons close to you ever done business with or had any relationship with Edward Jones, or been related to any officer, director, partner or employee of Edward Jones?

13.     Have any of you ever applied for work or been employed by Edward Jones? Do you know anyone, including neighbors, friends, co-workers who work for or have worked for Edward Jones?

14.     To any juror answering in the affirmative to any of questions 5 through 8:

   a.     What is or was the nature of this business or personal connection to Edward Jones?

   b.     How long did this connection with Edward Jones last?

   c.     In the course of this connection with Edward Jones, what impressions or opinions did you form about the company?

   d.     Would anything about this connection with Edward Jones, or such impressions or opinions, cause you to be unable to render a fair and impartial verdict?

15.     Do you have any impressions or opinions concerning Edward Jones obtained from any source other than such a business or personal connection?

16.     To any juror answering in the affirmative to question 10:

   a.     What are those impressions or opinions?

   b.     What is the basis or source for those impressions or opinions?

   c.     Would those impressions or opinions cause you to be unable to render a fair and impartial verdict?

   d.     Why or why not?

17.     The fact that a large business in the financial services industry is a Defendant in this case must not affect your deliberations or your verdict.  You may not discriminate between business organizations and natural individuals.  Both are persons in the eyes of the law and both are entitled to have a fair and impartial trial based upon the same legal standards.

        a.     Do any of you have any belief or feeling for or against large business organizations, such as corporations or partnerships, that might prevent you from being a completely fair and impartial juror in this case?

        b.     Do any of you have any belief or feeling for or against the financial services industry, such as banks, investment advisers, or stockbrokers, and that might prevent you from being a completely fair and impartial juror in this case?

18.     Are any of you or any members of your families or persons close to you acquainted with Defendant Michael Mahoney, or do you or they have any other business, personal, or family relationship with him?

19.     Have you or any members of your families or persons close to you ever done business with Defendant Michael Mahoney, either in connection with his employment with Edward Jones or elsewhere?

20.     To any juror answering in the affirmative to either of questions 12-13:

        a.     What is the nature of the relationship?

        b.     Would the relationship cause you to be unable to render a fair and impartial verdict?

        c.     Why or why not?

21.     Do you have any impressions or opinions concerning Michael Mahoney obtained from any source other than such a business or personal relationship?

22.     To any juror answering in the affirmative to question 15:

    a.     What are those impressions or opinions?

    b.     What is the basis for source for those impressions or opinions?

    c.     Would those impressions or opinions cause you to be unable to render a fair and impartial verdict?

    d.     Why or why not?

23.     Are you or any members of your families or persons close to you acquainted with, or do you or they have any business, personal, or family relationship with the Plaintiff in this case, Marian Deborah Miller?

24.     To any juror answering in the affirmative to question 17:

    a.     What is the nature of the relationship?

    b.     Would the relationship cause you to be unable to render a fair and impartial verdict?

    c.     Why or why not?

25.     Do you have any impressions or opinions concerning Marian Deborah Miller obtained from any source other than such a business or personal connection?

26.     To any juror answering in the affirmative to question 19:

    a.     What are those impressions or opinions?

    b.     What is the basis for those impressions or opinions?

    c.     Would those impressions or opinions cause you not to be impartial?

    d.     Why or why not?

27.     During the trial of this case, the following witnesses may be called to testify on behalf of the parties.  These witnesses are:

Michael Mahoney
Michael Cummins
Barbara Mosca
Kristin Commander
Steven Rarick
Lynn Vasil
Shannon Bogus
Judy Perugini
Lynn Kornita
Karen Mugmon
Gene Rostov
Amy Draper
John Sullivan
Cyndi Catalana
Mark Stecher
Price Woodward
Dr. Catherine Troy
Dr. Harvey Riback
Dr. Jeffery Cohen
Dr. Justin Schecter
Dr. Howard Zonana
Charlie Goubeaud
Matt True
Tom Ross
Bernie Green
James Deese
Vera Thornton

28.     Are you or any members of your families or persons close to you acquainted with, or do you or they have any business, personal, or family relationship with, any of the prospective witnesses just named?

29.     To any juror answering in the affirmative to question 22:

     a.     Who is the witness?

     b.     What is the nature of your business or other relationship with this witness?

        c.     Would this relationship cause you to be unable to render a fair and impartial verdict?

        d.     Why or why not?

30.     Do you have any impressions or opinions concerning any of these witnesses obtained from any source other than such a business or personal connection?

31.     To any juror answering in the affirmative to question 24:

        a.     What are those impressions or opinions?

        b.     What is the basis for those impressions or opinions?

        c.     Would those impressions or opinions cause you to be unable to render a fair and impartial verdict?

        d.     Why or why not?

32.     Do any of you know anyone else on the jury?

33.     To any juror answering in the affirmative to question 26:

        a.     Who is the juror?

        b.     What is the nature and basis of your business or other relationship with this juror?

        c.     Would this relationship cause you to be unable to render a fair and impartial verdict?

        d.     Why or why not?

34.     Before today, had any of you heard of, or did you have you any knowledge of, the facts or events in this case, as described to you earlier today?

        a.     What do you know?

        b.     Where did you learn this?

    c.       Would this knowledge cause you to be unable to render a fair and impartial verdict?

    d.       Why or why not?

**QUESTIONS ADDRESSED TO EACH INDIVIDUAL JURY PANEL MEMBER**

I am now going to ask each of you individually, one at a time, some questions to learn more about you. There are no right and wrong answers.

35.      Please state your name and place of residence

36.      What is your marital status, and number and ages of children and grandchildren, if any?

37.      How many years of formal education do you have?

    a.       If attended college, what degrees did you receive?

    b.       If attended college and received degree, what was your major in college?

    c.       If attended college, but did not receive degree, what was your intended major and what kind of classes did you take?

38.      What magazines do you read?

39.      What newspapers do you read?

40.      Do you spend much time on the Internet for personal reasons?

    a.       What do you like to do on the Internet?

41.      Do you read books very often?

    a.       What type of books do you read?

    b.       What is the last book you read?

    c.       What is your favorite book?

42.      What TV shows do you like best?

    a.    Why?

43.    Do you agree that there is too much sex on TV?

44.    Do you have any bumper stickers on your car?

    a.    What do they say?

    b.    Why did you choose to put this bumper sticker on your car?

45.    To what clubs and social organizations do you belong?

    a.    Have you ever held an office or been on the board of such a club or social organization?

    b.    What activities of such club or social organization do you like to participate in?

    c.    What do you like about these activities?

46.    Do you perform any volunteer activities?

    a.    For what organization

    b.    What do you do these volunteer activities?

    c.    Why do you do these volunteer activities?

    d.    What do you like about these volunteer activities?

47.    Do you have any hobbies?

    a.    What are they?

    b.    What do you like about them?

48.    Where are you employed?

    a.    What is your job title or position?

    b.    What are your job duties?

    c.    How long have you been employed by your present employer?

        d.      Where were you employed before then, for how long, how long, and what were your positions and duties?

49.     If unemployed or retired:

        a.      Where were you last employed?

        b.      What was your job title or position?

        c.      What were your job duties?

        d.      How long were you been employed by that employer?

        e.      Why did you leave that employment?

        f.      Where were you employed before then, for how long, how long, and what were your positions and duties?

50.     Have you ever worked as an independent contractor or freelancer?

51.     If anyone answers in the affirmative:

        a.      For what kind of businesses?

        b.      What kind of work did you do?

        c.      For how long?

52.     Generally speaking, do you enjoy your present job?

        a.      What do you like about it?

        b.      What do you dislike about it?

53.     How do you get along with your present supervisor?

54.     Have you ever had a supervisor you disliked or with whom you experienced a lot of conflict or unpleasant communications or incidents?

        a.      What did you do about it?

        b.      How was it ultimately resolved?

55.     What has been your main complaint or annoyance with your employers or supervisors?

56.     Generally speaking, would you agree that if someone has a supervisor they dislike or with whom they experience a lot of conflict or unpleasant communications or incidents, and is unable to improve the situation despite reasonable efforts, the best thing to do is find another job?

       a.     Why or why not?

57.     What has been your main complaint or annoyance with your employers or supervisors?

58.     Generally speaking, do you feel your employers have treated you and other employees fairly and consistently, without discrimination?

       a.     Why or why not?

59.     Do you or anyone in your family own a business, even a small part-time one?

60.     If anyone answers in the affirmative:

       a.     What kind of business?

       b.     For how long?

       c.     How many employees?

61.     Have you ever terminated anyone's employment or participated in the decision to do so?

       a.     For what reason?

       b.     Do you feel the situation was handled properly?

       c.     Why or why not?

62.     Have you ever disciplined an employee or participated in the decision to do so?

       a.      For what reason?

       b.      Do you feel the situation was handled properly?

       c.      Why or why not?

63.     Do you or any family member belong to a labor union?

64.     If anyone answers in the affirmative:

       a.      Which union?

       b.      How long a member?

       c.      Do you feel the price of your union membership is worth it?

       d.      Do you or did you or any family member, hold any union office or position?

       e.      Have you ever filed a grievance or complaint against your employer or union?

       f.      Over what?

       g.      What was the outcome?

       h.      Were you satisfied with the outcome?

       i.      Why or why not?

65.     If your spouse or former spouse works, where is he/she employed?

       a.      In what position?

       b.      What duties?

       c.      For how long?

       d.      Where were they employed before then, for how long, how long, and what were their positions and duties?

66.     Where are the other members of your immediate family employed?

     a.    In what position?

     b.    What duties?

     c.    For how long?

67.    Where were they employed before then, for how long, how long, and what?

68.    Do you believe that you, a family member, or anyone else you know has been subjected to a hostile work environment on the basis of gender?

69.    If anyone answers in the affirmative:

     a.    What happened?

     b.    What did you or your family member or in an acquaintance do about it?

     c.    Was this matter resolved to your satisfaction?

     d.    Why or why not?

70.    Do you believe that you, a family member, or anyone you know has been otherwise discriminated against on the basis of gender?

71.    If anyone answers in the affirmative:

     a.    What happened?

     b.    What did you or your family member or acquaintance do about it?

     c.    Was this matter resolved to your satisfaction?

     d.    Why or why not?

72.    Do you believe that you, a family member, or anyone else you know has been subjected to a hostile work environment on the basis of sexual orientation?

73.    If anyone answers in the affirmative:

     a.    What happened?

     b.    What did you or your family member or an acquaintance do about it?

    c.     Was this matter resolved to your satisfaction?

    d.     Why or why not?

74.    Do you believe that you, a family member, or anyone you know has been otherwise discriminated against on the basis of sexual orientation?

75.    If anyone answers in the affirmative:

    a.     What happened?

    b.     What did you or your family member or acquaintance do about it?

    c.     Was this matter resolved to your satisfaction?

    d.     Why or why not?

76.    Do any of you believe that gays and lesbians should not have the same rights as heterosexual employees?

77.    Do any of you believe that employers should not have gay or lesbian supervisors?

78.    Have any of you ever had a gay or lesbian supervisor?

79.    Have you, a member of your family, or a close friend ever filed a lawsuit?

80.    If anyone answers in the affirmative:

    a.     What was the nature of the lawsuit?

    b.     How was the lawsuit resolved?

    c.     Were you or your family member or friend satisfied with this resolution?

    d.     Why or why not?

81.    What do you think of people who bring lawsuits or pursue claims against their employers or former employers because they think they have been discriminated against on the job?

16

82.    Do you have any preconceived ideas about the law involving claims of sex discrimination?

83.    Do you have any preconceived ideas about the law involving claims of sexual orientation discrimination?

84.    Have you ever had your employment terminated (fired or laid off)?

85.    If anyone answers in the affirmative:

    a.    What was the reason you were given?

    b.    Do you believe that was the true reason?

    c.    What do you believe was the true reason?

    d.    Do you feel your employer was wrong or treated you unfairly in any way?

    e.    Did you challenge the termination in a grievance, discrimination charge or lawsuit?

    f.    How, where, and what was the outcome?

    g.    Were you satisfied with this outcome?

    h.    Why or why not?

86.    Has your spouse, a family member, or close friend ever had their employment terminated (fired or permanently laid off)?

87.    If anyone answers in the affirmative:

    a.    What was the reason they were given?

    b.    Do you believe that was the true reason?

    c.    What do you believe was the true reason?

    d.    Do you feel their employer was wrong or treated them unfairly in any way?

     e.     Did they challenge the termination in a grievance, discrimination charge or lawsuit?

     f.     How, where, and what was the outcome?

     g.     Were they satisfied with this outcome?

     h.     Why or why not?

88.     Have you, a family member, or close friend presented a complaint, filed a charge or claim against anyone, or sued anyone, alleging employment discrimination or any other employment-related legal claim?

89.     If anyone answers in the affirmative:

     a.     Who was involved?

     b.     What was the nature of the claim?

     c.     What was the outcome

     d.     Was this outcome satisfactory to you or the person involved?

     e.     Why or why not?

90.     Has anyone ever sued, presented a complaint against, or filed a claim against you, a member of your family, or any person close to you, alleging employment discrimination or any other employment-related claim?

91.     If anyone answers in the affirmative:

     a.     Who was involved?

     b.     What was the nature of the claim?

     c.     What was the outcome?

     d.     Was this outcome satisfactory to you or the person involved?

     e.     Why or why not?

92.    Has anyone ever sued, presented a complaint against, or filed a claim against the employer of, or a business owned by, any member of your family or any person close to you, based at least in part on your or their conduct, alleging employment discrimination or any other employment-related claim?

93.    If anyone answers in the affirmative:

    a.    Who was involved?

    b.    What was the nature of the claim?

    c.    What was the outcome?

    d.    Was this outcome satisfactory to you or the person involved?

    e.    Why or why not?

94.    Are or have you or any member of your family or any person close to you to your knowledge been involved or presently involved in an employment discrimination or other employment-related lawsuit of any kind as plaintiff, defendant, or witness?

95.    If anyone answers in the affirmative:

    a.    Who was involved and how?

    b.    What was the nature of the case.

    c.    What was the outcome?

    d.    Would that affect your ability to make a fair and impartial decision in this case?

    e.    Why or why not?

96.    Have you or any member of your family or any person close to you had any special training in personnel matters, human resources, psychology, or employment discrimination law, or taken any courses in law or earned a law degree?

97.    Have you ever resigned from a job?

98.    If anyone answers in the affirmative:

     a.    What was the reason?

     b.    How did you notify your employer?

     c.    How much notice did you give?

99.    Have you or anyone you know ever simply stopped showing up for work at a particular job?

     a.    If anyone answers in the affirmative:

     b.    How did the employer react?

     c.    Do you feel the employer's response was proper?

100.    Do you agree that too often plaintiffs in lawsuits receive more than they ought to?

     a.    Why or why not?

101.    Do you agree that there are too many frivolous lawsuits these days?

     a.    Why or why not?

102.    Generally speaking, do you agree that if someone has financial problems, they are usually at least partly to blame?

     a.    Why or why not?

103.    Generally speaking, do you think if someone is fired from a job, they are usually at least partly to blame?

     a.    Why or why not?

104.    Generally speaking, do you agree that in this country it is still true that if you work hard you can get ahead?

     a.    Why or why not?

105.    Do you agree that most big companies are greedy and dishonest?

    a.    Why or why not?

106.    Do you agree that big companies should always be held legally responsible for illegal or inappropriate conduct by their employees?

    a.    Why or why not?

107.    Do you agree that most lawyers who sue big companies are greedy?

    a.    Why or why not?

108.    Do you agree that people make too much of a big deal about joking and verbal comments in the workplace that may be somewhat offensive to some people?

    a.    Why or why not?

109.    Are you familiar with the old saying "sticks and stones can break my bones but names can never hurt me"?

110.    If anyone answers in the affirmative:

    a.    Generally speaking, do you agree that this statement is true about name-calling and verbal jokes, teasing and insults in the workplace?

    b.    Why or why not?

111.    Do you agree that grownups ought to be able to tolerate some offensive language or name-calling without making a federal case of it?

    a.    Why or why not?

112.    Do you agree that the law prohibits actions and words in the workplace that are commonplace and perfectly legal outside of the workplace?

    a.    Do you think this is right?

    b.    Why or why not?

113.    Do you think that having a difficult or obnoxious boss would cause a normal person to experience significant psychiatric symptoms requiring medical treatment?

a.    Why or why not?

114.    If you felt you were being subjected to a hostile environment at work, do you know your employer's procedure for reporting a complaint of this type?

115.    If anyone answers in the affirmative:

a.    What is it?

b.    Would you follow it?

c.    Why or why not

116.    Do you agree that generally speaking there is no valid reason for an employee concerned about a hostile work environment not to promptly report it according to the employer's procedures?

a.    Why or why not?

117.    Do you have any objections to a Company's supervisor being gay or lesbian?

118.    If anyone answers in the affirmative:

a.    Would this affect your ability to rule fairly and impartially in a sexual orientation discrimination case?

b.    Why or why not?

c.    Do you have any close friends or family members who are gay or lesbian?

119.    If anyone answers in the affirmative:

a.    How did you feel when you learned this about that person?

b.    Why?

c.    Have your feelings about this changed?

       d.     Why or why not?

120.    Are you in favor of allowing gay and lesbian marriage?

121.    Why or why not?

122.    Are you in favor of domestic partnership laws that give gay and lesbian couples the same legal rights as male-female married couples?

       a.     Why or why not?

123.    Do you believe discrimination in employment based on sexual orientation should be prohibited?

       a.     Why or why not?

124.    If you were instructed that the law prohibits discrimination in employment based on sexual orientation, would you be able to set aside your personal opinions about issues relating to homosexuality and fairly and impartially apply this law?

       a.     Why or why not?

125.    Do you agree that sometimes the law is wrong, and in that event it is the legal right and duty of jurors to apply the law as they believe it should be, in order to do justice?

126.    Is there anything about this case that we have not discussed that anyone believes might affect his/her ability to sit on the jury and render a verdict based solely on the evidence presented?

127.    Is there anything that a member of the panel would prefer to discuss without other members of the jury panel present?

Respectfully submitted,

DEFENDANT EDWARD D. JONES & CO., L.P.

By: _____
Michael N. LaVelle, Esq.  06170
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
(203) 330-2000
(203) 330-2299 (Facsimile)

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage pre-paid, to the following parties:

Peter E. Gillespie, Esq.
Attorney At Law
46 Riverside Avenue
Westport, CT  06880
(203) 227-7000

Vlad Spitzer, Esq.
Spitzer & Brey, LLC
239 Main Street, 2nd Floor
Westport, CT  06880
(203) 226-3266 (Ext. 14)