DISTRICT OF CONNECTICUT

MARIAN DEBORAH MILLER,

Plaintiff,

vs.

EDWARD D. JONES & CO., L.P.,
MICHAEL MAHONEY, MICHAEL
CUMMINS, BARBARA MOSCA, and
STEVEN RARICK,

Defendants.

CIV NO.
3:03CV 0193 (MRK)

April 12, 2005

## DEFENDANT EDWARD JONES' PROPOSED
## JURY INSTRUCTIONS AND INTERROGATORIES

COMES NOW Defendant Edward Jones and files its proposed jury instructions and jury interrogatories.

Respectfully submitted,

DEFENDANT Edward Jones & Co., L.P.

By: _____
Michael N. LaVelle, Esq.  06170
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000
(203) 330-2288 (Facsimile)

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, to the following parties:

Peter E. Gillespie, Esq.
Attorney at Law
46 Riverside Avenue
Westport, CT  06880
(203) 227-7000

Vlad Spitzer, Esq.
Spitzer & Brey, LLC
239 Main Street, 2nd Floor
Westport, CT  06880
(203) 226-3266 Ext. 14

_____

## INSTRUCTION NO. _____

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.

*Marian Deborah Miller v. Edward D. Jones & Co. et al.*
Submitted by Defendant Edward D. Jones & Co.
Authority: O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* (5th ed. 2001) § 103.12.

## INSTRUCTION NO. _____

Your verdict must be for Plaintiff Deborah Miller and against Defendant Edward Jones on Ms. Miller's claim of a hostile work environment based on sex if all of the following elements have been proved by the preponderance of the evidence:

First: Because of her sex, female, Ms. Miller was subjected to conduct to which males are not exposed that created disadvantageous terms or conditions of employment (that words with sexual content or connotations may have been used does not automatically establish this); and

Second: Such conduct was unwelcome and had not been invited or solicited, directly or indirectly, by Ms. Miller's own acts or statements; and.

Third: Such conduct was sufficiently severe or pervasive that a reasonable person in Ms. Miller's position, as distinguished from someone who is unduly sensitive, would have found her work environment to be hostile or abusive; and

Fourth: At the time such conduct occurred and as a result of such conduct, Ms. Miller personally believed her work environment was hostile or abusive; and

Fifth: Ms. Miller suffered damages as a proximate or legal result of such conduct, which means that, except for such conduct, the damages would not have occurred.

If any of the above elements has not been proved by the preponderance of the evidence, or if Edward Jones is entitled to a verdict under Instruction _____ regarding affirmative defenses, your verdict must be for Edward Jones and you need not proceed further in considering this claim.

*Marian Deborah Miller v. Edward D. Jones & Co. et al.*
Submitted by Defendant Edward D. Jones & Co.
Authority: O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* (5th ed. 2001) § 171.22 (modified); *Pattern Civil Jury Instructions for the 11th Circuit* (2000) § 1.2.2 (modified); *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 1002 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discriminat [ion] . . . because of . . . sex.' We have never held that workplace harassment . . . is automatically discrimination because of sex merely because the words used have sexual

content or connotations. "The critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.").

# INSTRUCTION NO. _____

Your verdict must be for Plaintiff Deborah Miller and against Defendant Edward Jones on Ms. Miller's claim of a hostile work environment based on sexual orientation if all of the following elements have been proved by the preponderance of the evidence:

First: Because of her sexual orientation, heterosexual, Ms. Miller was subjected to conduct to which homosexuals are not exposed that created disadvantageous terms or conditions of employment (that words with sexual content or connotations, including references to sexual orientation, may have been used does not automatically establish this); and

Second: Such conduct was unwelcome and had not been invited or solicited, directly or indirectly, by Ms. Miller's own acts or statements; and.

Third: Such conduct was sufficiently severe or pervasive that a reasonable person in Ms. Miller's position, as distinguished from someone who is unduly sensitive, would have found her work environment to be hostile or abusive; and

Fourth: At the time such conduct occurred and as a result of such conduct, Ms. Miller personally believed her work environment was hostile or abusive; and

Fifth: Ms. Miller suffered damages as a proximate or legal result of such conduct, which means that, except for such conduct, the damages would not have occurred.

If any of the above elements has not been proved by the preponderance of the evidence, or if Edward Jones is entitled to a verdict under Instruction ____ regarding affirmative defenses, your verdict must be for Edward Jones and you need not proceed further in considering this claim.

*Marian Deborah Miller v. Edward D. Jones & Co. et al.*
Submitted by Defendant Edward D. Jones & Co.
Authority: O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* (5th ed. 2001) § 171.22 (modified); *Pattern Civil Jury Instructions for the 11th Circuit* (2000) § 1.2.2 (modified); *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 1002 (1998) ("Title VII does not prohibit all verbal or physical

harassment in the workplace; it is directed only at 'discriminat [ion] . . . because of ... sex.' We have never held that workplace harassment . . . is automatically discrimination because of sex merely because the words used have sexual content or connotations. "The critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.' ").

**INSTRUCTION NO. _____**

Whether a reasonable person would find a particular workplace environment "hostile" or "abusive" can be determined only by looking at all the circumstances, including: the frequency of the discriminatory conduct; the nature of the conduct; the severity of the conduct; whether the conduct was physically threatening or humiliating, or a mere offensive utterance; and whether the conduct unreasonably interfered with the employee's work performance. The effect on the employee's mental and emotional well-being is also relevant to determining whether the plaintiff actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Hostile environment discrimination law is not a general civility code. You may not find an abusive or hostile environment based on conduct that only amounts to ordinary socializing in the workplace or ordinary tribulations of the workplace, such as occasional horseplay, sexual flirtation, offhand comments, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

*Marian Deborah Miller v. Edward D. Jones & Co. et al.*
Submitted by Defendant Edward D. Jones & Co.
Authority: O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* (5th ed. 2001) § 171.40 (modified); *Pattern Civil Jury Instructions for the 11th Circuit* (2000) § 1.2.2 (sixth and seventh paragraphs excerpted unchanged); *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81, 118 S.Ct. 998, 1003 (1998) (requirement that conduct be severe or pervasive enough that reasonable person would find it hostile or abusive is crucial, and is sufficient to ensure that courts and juries do not mistake ordinary socializing in the workplace--such as male-on-male horseplay or intersexual flirtation -- for discriminatory "conditions of employment"); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 2283 (1998) ("'simple teasing,' . . . offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment"; "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.' [and will] . . . filter out complaints attacking 'the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.' ").

**INSTRUCTION NO. _____**

You must find for Defendant Edward Jones on Plaintiff Deborah Miller's claims for hostile environment based on sex and/or sexual orientation if you find Edward Jones has proved by a preponderance of the evidence:

First: that Edward Jones exercised reasonable care to prevent and correct promptly any discriminatory hostile environment; and

Second: that Ms. Miller unreasonably failed to take advantage of preventive or corrective opportunities provided by Edward Jones or to avoid harm otherwise

Proof of the following is sufficient, though not necessary, to establish the first of these facts, exercise of "reasonable care" by Edward Jones:

- Edward Jones had promulgated an explicit policy against discrimination in the workplace;

- that policy was fully communicated to Edward Jones' employees; and

- that policy provided a reasonable avenue for Ms. Miller to make a complaint to higher management.

On the other hand, proof that Ms. Miller did not follow a complaint procedure provided by Edward Jones, such as by failing to make a timely complaint through specified channels, is sufficient, though not necessary, to establish that Ms. Miller "unreasonably failed" to take advantage of a corrective opportunity.

*Marian Deborah Miller v. Edward D. Jones & Co. et al.*
Submitted by Defendant Edward D. Jones & Co.
Authority:  O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* (5th ed. 2001) §§ 171.41, 171.74.

## INSTRUCTION NO. \_\_\_\_\_

If you find that Plaintiff Deborah Miller was subjected to a hostile work environment because of her sex and/or sexual orientation, and that Defendant Edward Jones has not proven its affirmative defense as set forth in Instruction \_\_\_\_\_, then you must determine an amount that is fair compensation for Ms. Miller's damages. You may award compensatory damages only for injuries that Ms. Miller proves were caused by an unlawful hostile work environment. You will consider compensation for lost wages separately from other damages.

The damages that you award must be fair compensation -- no more and no less. You may award damages for any pain, suffering or mental anguish that Ms. Miller experienced as a consequence of the hostile work environment. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Ms. Miller prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

*Marian Deborah Miller v. Edward D. Jones & Co. et al.*
Submitted by Defendant Edward D. Jones & Co.
Authority:  O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* (5th ed. 2001) § 171.90.

**INSTRUCTION NO. _____**

If you determine that Edward Jones is liable for subjecting Plaintiff Deborah Miller to a hostile work environment because of her sex and/or sexual orientation, you must then determine whether Defendant Edward Jones is liable for back pay. You may not find Edward Jones liable for back pay unless you find that Ms. Miller has proven by a preponderance of the evidence that she was constructively discharged.

A constructive discharge occurs only when an employee is subjected to a hostile or abusive working environment so intolerable that a reasonable person would feel compelled to resign. This requires a showing of more than the degree of hostility or abusiveness required to establish a hostile work environment. An employee cannot simply assume that her hostile work environment complaint will not be adequately addressed. An employee who fails to explore alternative avenues offered by her employer before concluding that resignation is the only option cannot make out a claim of constructive discharge.

*Marian Deborah Miller v. Edward D. Jones & Co. et al.*
Submitted by Defendant Edward D. Jones & Co.
Authority: *Pennsylvania State Police v. Suders*, 124 S.Ct. 2342, 2351, 2354 (2004) (constructive discharge requires proof of working conditions "so intolerable that a reasonable person in the employee's position would have felt compelled to resign "); *Brunson v. Bayer Corp.*, 237 F. Supp. 2d 192 (D. Conn. 2002) (termination for job abandonment not a discharge); *Wilburn v. Fleet Financial Group, Inc.*, 170 F. Supp. 2d 219, 238, n.49 (D. Conn. 2001) (*citing Cooper, v. Wyeth Ayerst Lederle*, 106 F. Supp. 2d 479, 497 (S.D.N.Y. 2000) ("employee cannot simply assume that harassment complaint will not be adequately addressed," and employee who fails to explore alternative avenues offered by employer before concluding resignation is only option cannot make out constructive discharge claim.")

**INSTRUCTION NO. _____**

Plaintiff Deborah Miller claims the acts of Defendant Edward Jones were done with malice or reckless indifference to Ms. Miller's rights so as to entitle Ms. Miller to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.    However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees when those acts by such employees are contrary to the employer's own good-faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for Plaintiff Deborah Miller, and then further find by a preponderance of the evidence:

First: that a higher management official of Edward Jones personally acted with malice or reckless indifference to Ms. Miller's protected rights, and

Second: that Edward Jones itself had not acted in a good-faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you decide to award punitive damages, you should take into account the following considerations:

First: the degree of wrongfulness of the conduct,

Second: the ratio between the actual harm to Ms. Miller and the punitive damages award, and

Third: the relationship between the punitive damages award and civil penalties authorized or imposed in comparable cases.

*Marian Deborah Miller v. Edward D. Jones & Co. et al.*
Submitted by Defendant Edward D. Jones & Co.

Authority: O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* (5th ed. 2001 and 2004 Supp. Notes) § 171.94; State Farm Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418, 424, 428 (2003) (three considerations to take into account).

**Jury Interrogatory -- Hostile Environment Based On Sex**

***Do you find by the preponderance of the evidence:***

1.      That because of her sex, female, Plaintiff Deborah Miller was subjected to conduct to which males were not exposed that created disadvantageous terms or conditions of employment?

      *Answer Yes or No* _____

2.      That such conduct was unwelcome and had not been invited or solicited, directly or indirectly, by Ms. Miller's own acts or statements?

      *Answer Yes or No* _____

3.      That such conduct was sufficiently severe or pervasive that a reasonable person in Ms. Miller's position, as distinguished from someone who is unduly sensitive, would have found her work environment to be hostile or abusive?

      *Answer Yes or No* _____

4.      That at the time such conduct occurred and as a result of such conduct, Ms. Miller personally believed her work environment was hostile or abusive?

      *Answer Yes or No* _____

5.      That Ms. Miller suffered damages as a proximate or legal result of such conduct?

      *Answer Yes or No* _____

**Note: If you answered "No" to any one of questions 1-5, you should not answer the remaining questions, but should skip them and have the foreperson sign and date this form.  Proceed to answer the remaining questions only if you answered "Yes" to all of questions 1-5.**

      ***Do you find by the preponderance of the evidence:***

6.       That Edward Jones exercised reasonable care to prevent and correct promptly any discriminatory hostile environment?

       *Answer Yes or No* _____

7.       That Ms. Miller unreasonably failed to take advantage of preventive or corrective opportunities provided by Edward Jones or to otherwise avoid harm from any discriminatory hostile environment?

       *Answer Yes or No* _____

**Note:  If you answered "Yes" to both questions 6 and 7, you should not answer the remaining questions, but should skip them and have the foreperson sign and date this form.  If you answered "No" to either question 6 or question 7, proceed to answer questions 8 and 9.**

       ***Do you find by the preponderance of the evidence:***

8.       That Edward Jones constructively discharged Ms. Miller by subjecting her to a hostile or abusive working environment so intolerable that a reasonable person would feel compelled to quit, resign, or abandon her job by failing or refusing to return to work?

       *Answer Yes or No* _____

**Note:  If your answer is "Yes," answer question 9.  If your answer is "No," skip question 9 and answer question 10.**

9.       That Ms. Miller should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

       *Answer Yes or No* _____

       *If your answer is "Yes," in what amount?  $* _____.

10.     That Ms. Miller should be awarded damages to compensate for emotional pain and mental anguish?

     *Answer Yes or No* _____

     *If your answer is "Yes," in what amount?  $* _____.

11.     That a higher management official of Edward Jones personally acted with malice or reckless indifference to Ms. Miller's protected rights?

     *Answer Yes or No* _____

**Note:  If your answer to question 11 is "No," you should not answer question 12, but should skip it and have the foreperson sign and date this form.  If you answered "Yes" to question 11, proceed to answer question 12.**

12.     That Edward Jones itself had not acted in a good-faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

     *Answer Yes or No* _____

     *If your answer is "Yes," what amount of punitive damages, if any, should be assessed against Edward Jones?  $* _____.


_____     _____

Foreperson                       Date

**Jury Interrogatory -- Hostile Environment Based On Sexual Orientation**

***Do you find by the preponderance of the evidence:***

1.      That because of her sexual orientation, heterosexual, Plaintiff Deborah Miller was subjected to conduct to which homosexuals were not exposed that created disadvantageous terms or conditions of employment?

*Answer Yes or No* _____

2.      That such conduct was unwelcome and had not been invited or solicited, directly or indirectly, by Ms. Miller's own acts or statements?

*Answer Yes or No* _____

3.      That such conduct was sufficiently severe or pervasive that a reasonable person in Ms. Miller's position, as distinguished from someone who is unduly sensitive, would have found her work environment to be hostile or abusive?

*Answer Yes or No* _____

4.      That at the time such conduct occurred and as a result of such conduct, Ms. Miller personally believed her work environment was hostile or abusive?

*Answer Yes or No* _____

5.      That Ms. Miller suffered damages as a proximate or legal result of such conduct?

*Answer Yes or No* _____

**Note: If you answered "No" to any one of questions 1-5, you should not answer the remaining questions, but should skip them and have the foreperson sign and date this form.  Proceed to answer the remaining questions only if you answered "Yes" to all of questions 1-5.**

***Do you find by the preponderance of the evidence:***

6.      That Edward Jones exercised reasonable care to prevent and correct promptly any discriminatory hostile environment?

  *Answer Yes or No* _____

7.      That Ms. Miller unreasonably failed to take advantage of preventive or corrective opportunities provided by Edward Jones or to otherwise avoid harm from any discriminatory hostile environment?

  *Answer Yes or No* _____

**Note:  If you answered "Yes" to both questions 6 and 7, you should not answer the remaining questions, but should skip them and have the foreperson sign and date this form.  If you answered "No" to either question 6 or question 7, proceed to answer questions 8 and 9.**

  ***Do you find by the preponderance of the evidence:***

8.      That Edward Jones constructively discharged Ms. Miller by subjecting her to a hostile or abusive working environment so intolerable that a reasonable person would feel compelled to quit, resign, or abandon her job by failing or refusing to return to work?

  *Answer Yes or No* _____

**Note:  If your answer is "Yes," answer question 9.  If your answer is "No," skip question 9 and answer question 10.**

9.      That Ms. Miller should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

  *Answer Yes or No* _____

  *If your answer is "Yes," in what amount?  $ _____ .*

10.    That Ms. Miller should be awarded damages to compensate for emotional pain and mental anguish?

    *Answer Yes or No* _____

    *If your answer is "Yes," in what amount?  $* _____.

11.    That a higher management official of Edward Jones personally acted with malice or reckless indifference to Ms. Miller's protected rights?

    *Answer Yes or No* _____

**Note:  If your answer to question 11 is "No," you should not answer question 12, but should skip it and have the foreperson sign and date this form.  If you answered "Yes" to question 11, proceed to answer question 12.**

12.    That Edward Jones itself had not acted in a good-faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

    *Answer Yes or No* _____

    *If your answer is "Yes," what amount of punitive damages, if any, should be assessed against Edward Jones?  $* _____.


_____        _____

Foreperson                         Date