UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
MARIAN DEBORAH MILLER,

          Plaintiff,

  -against-                                      CIV NO.
                                                  3:03CV 0193 (MRK)

EDWARD D. JONES & CO., L.P.,
MICHAEL MAHONEY, MICHAEL
CUMMINS, BARBARA MOSCA, and
STEVEN RARICK,

          Defendants.               APRIL 11, 2005
-----------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

Pursuant to the Joint Trial Memorandum Order of Mark R. Kravitz, U.S.D.J., the Form 26(f) Report of Parties' Planning Meeting and the Local Rules of Civil Procedure, the parties, Marian Deborah Miller (hereinafter referred to as "Miller" or "Plaintiff"), submits this Memorandum of Law in support of Plaintiff's Motion in Limine exclude as inadmissible, evidence from Defendant Edward Jones' exhibits (Nos. 501 through 569), specifically documents from Solomon Smith Barney involving Plaintiff's former employment, Defendant Edward Jones' witnesses, specifically regarding Solomon Smith Barney, involving Plaintiff's former employment. Plaintiff also includes in this motion, general objections to Defendants Edward Jones and Michael Mahoney's proposed jury instructions and jury interrogatories. Plaintiff respectfully request that this Court rule that Plaintiff's motion in limine be granted.

**I.     Preliminary Statement**

This memorandum of law is submitted in support of Plaintiff's Motion in Limine which seeks to exclude Defendant Edward Jones' exhibits(to the extent these documents are not duplicates of Plaintiff's proposed exhibits), Defendant Michael Mahoney's exhibit, Defendant Edward Jones' witnesses (to the extent these witnesses are not identical to Plaintiff's witnesses and/or previously disclosed as potential witnesses to Plaintiff), and Defendant Michael Mahoney's witnesses ( to the extent these witnesses are not identical to Plaintiff's witnesses and/or previously disclosed as potential witnesses to Plaintiff).  Specifically, Plaintiff objects to and seeks to exclude any testimony, evidence, or argument that refers to Plaintiff's former employment with Solomon Smith Barney. Pursuant to Court's order regarding Joint Trial Memorandum in the above-captioned matter, parties were "required to exchange lists of proposed witnesses, exhibits and deposition transcripts to enable counsel for each party to state in the Joint Trial Memorandum whether they object to any proposed witness, exhibit or transcript" prior to preparing and submitting the Joint Trial Memorandum.  On Thursday, April 7, 2005, counsel for Plaintiff received Defendant Edward Jones witness list, which disclosed for the first time to Plaintiff the witnesses Defendant Edward Jones intends to call.  Among these witnesses are Plaintiff's former employer Solomon Smith Barney.  On Friday, April 8, 2005, counsel for Plaintiff received copies of Defendant Edward Jones' 69 proposed exhibits, which Plaintiff has not been afforded an adequate opportunity to review, as such Plaintiff objects to Defendant Edward Jones' exhibits as contrary to the Pretrial Order in

this case and as oppressive and burdensome a mere day and a half before the Joint Trial Memorandum and attachments are due.

    1.    Defendant Edward Jones' Exhibits

Plaintiff has not been afforded a sufficient opportunity to review Defendant Edward Jones' exhibits, a majority of which are a product of hearsay are irrelevant and some of which appear to not have been previously produced. By way of example, Plaintiff's employment documents from her place of former employment Solomon Smith Barney, Defendant's Proposed Exhibit 547 and 548, have no bearing on this case, have not been previously produced, and are completely irrelevant, and prejudicial to Ms. Miller. Counsel for Plaintiff has not even had time to review these sufficiently review these documents, much less formulate objections. To review these documents a mere day and a half prior to date Joint Trial Memorandum is due is both oppressive and burdensome.

With respect to Defendant Edward Jones' exhibits which are duplicative of Plaintiff's exhibits, including Plaintiff's medical records, correspondence between Plaintiff and Edward Jones regarding Michael Mahoney, and correspondence between counsel for Plaintiff and Edward Jones regarding her employment, Plaintiff reserves the right to withdraw her objection after having reviewed the documents produced by Defendant Edward Jones.

However, in disclosing these documents a mere day and half prior to submission of the Joint Trial Memorandum, Defendant Edward Jones is violating both the letter and spirit of the Pretrial Order. The very purpose of the Pretrial Order is so that counsel for

the parties to a lawsuit can be aware of the evidence that will be offered at trial and prepare for trial accordingly.

Plaintiff respectfully moves this Court to deny the use at trial of all previously disclosed exhibits to the extent they are not duplicative of Plaintiff's proposed exhibits.

2.      Defendant Edward Jones' Witnesses

On Thursday, April 7, 2005, counsel for Plaintiff received Defendant Edward Jones' witness list, which disclosed for the first time to Plaintiff the witnesses Defendant Edward Jones intends to call. Among these witnesses are Plaintiff's former employer Solomon Smith Barney. No relevant evidence can be adduced from these witnesses. Testimony from these witnesses can only confuse the jury as the issues of the case. Defendant Edward Jones has not shown good cause as to why these witnesses should be allowed. There is simply no justification for calling any witnesses from Plaintiff's former employment, much less seven witnesses. Further, Plaintiff has not been afforded a sufficient opportunity to prepare for the testimony of these proposed witnesses.

In conclusion, with respect to Defendant Edward Jones, the late submission of voluminous documents and numerous witnesses previously undisclosed violates the letter and spirit of pretrial practice in the federal courts. We have long abandoned "trial by ambush" in the practice of law in federal courts. Yet, Plaintiff's counsel is faced with just such a tactic in Defendant Edward Jones' overwhelming proposed evidence and witness list in this case. Plaintiff respectfully requests this Court to deny Defendant Edward Jones' proposed use of exhibits and witness list.

    3.    Defendant Michael Mahoney's Exhibit

Plaintiff has not been afforded a sufficient opportunity to review Defendant Michael Mahoney's proposed exhibit, which to date, counsel for Plaintiff has not even seen. Counsel for Plaintiff has reason to believe, the exhibit is a product of hearsay and is irrelevant. Rule 401 of the Federal Rules of Evidence defines relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Defendant Mahoney has neither produced the evidence nor communicated the probative value of such evidence.

As a result, Plaintiff respectfully moves this Court to deny the use at trial of Defendant Michael Mahoney's proposed exhibit.

    4.    Defendant Michael Mahoney's Witness

On Friday, April 8, 2005, counsel for Plaintiff received Defendant Michael Mahoney's witness list, which disclosed for the first time to Plaintiff the witnesses Defendant Michael Mahoney intends to call. Among these witnesses are people that Defendant Michael Mahoney asserts are acquainted with Plaintiff. No relevant evidence can be adduced from these witnesses. Testimony from these witnesses can only confuse the jury as the issues of the case. Defendant Michael Mahoney has not shown good cause as to why these witnesses should be allowed. There is simply no justification for calling any witnesses from Plaintiff's casual acquaintance, who have no connection to the case,

much less four witnesses. Further, Plaintiff has not been afforded a sufficient opportunity to prepare for the testimony of these proposed witnesses.

In conclusion, with respect to Defendant Michael Mahoney, the failure to submit the proposed exhibit and numerous irrelevant witnesses previously undisclosed violates the letter and spirit of pretrial practice in the federal courts. Plaintiff respectfully requests this Court to deny Defendant Michael Mahoney's proposed use of exhibits and witness list.

5. Plaintiff's Objections to Defendants' Jury Instructions/Interrogatories

Plaintiff makes general objection to Defendants Edward Jones and Michael Mahoney's jury instructions and jury interrogatories on the basis that the proposed jury instructions and jury interrogatories do not present the jury with an unbiased approach to the law as should be discussed in this case. They were crafted more as advocacy pieces and are therefore objectionable. Further, these instructions as proposed by Defendants appear to exceed merely instructional material and to approach matters of controversy and argument.

Plaintiff has submitted alternative proposed jury instructions and a proposed verdict form for the Court which are attached.

**II.     Conclusion**

For all the foregoing reasons, Plaintiffs respectfully request that this Court grant her motion in limine in its entirety.

By:_____/S/_____
Vlad G. Spitzer
Fed. Bar #ct14260
Spitzer & Brey L.L.C.
239 Main Street
Westport, CT  06880
(203) 226-3266
Facsimile:  (203) 226-3262
Email:  vgspitzer@spitzerbrey.com

## **CERTIFICATION**

      I hereby certify that pursuant to section 5(b) of the Federal Rules of Civil Procedure, a copy of the foregoing was mailed on April 12, 2005, postage prepaid to:

Fred A. Ricks, Jr. Esq.
Harris Dowell Fisher & Harris, L.C.
15400 South Outer Forty – Suite 202
St. Louis, Missouri  63017-2063

Michael N. LaVelle, Esq.
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006

Peter E. Gillespie, Esq.
46 Riverside Avenue
Westport, CT  06880


_____/S/_____
Vlad G. Spitzer