UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X
MARIAN DEBORAH MILLER,

        Plaintiff,

  -against-                              CIV NO.
                                                3:03CV 0193 (MRK)
EDWARD D. JONES & CO., L.P.,
MICHAEL MAHONEY, MICHAEL
CUMMINS, BARBARA MOSCA, and
STEVEN RARICK,

        Defendants.                April 12, 2005
-----------------------------------------------------------------X

**PLAINTIFF MARIAN DEBORAH MILLER'S MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE OF DEFENDANT EDWARD D. JONES & CO., L.P.**

This memorandum is filed on behalf of Plaintiff Marian Deborah Miller ("Miller') in opposition to the Motion in Limine of Defendant Edward D. Jones & Co., L.P. dated April 11, 2005:

**Alleged Remarks Regarding Ms. Miller's Age and/or Religion**

Edward Jones seeks to exclude Miller from introducing evidence of "derogatory and offensive remarks" made by Defendant Michael Mahoney ("Mahoney") regarding Miller's age and/or religion. Edward Jones seeks to exclude this evidence despite this Court's ruling to the contrary in its January 25, 2005 Memorandum of Decision wherein this Court stated:

1

**"Ms. Miller bases her hostile environment claim primarily on Mr. Mahoney's alleged hostility on the basis of her gender but also argues that the sexually hostile environment he created was exacerbated by his hostility toward her based on her age and religion as well." Citing <u>Cruz v. Coach Stores</u>, 202 F.3d 560, 570 (2d Cir. 2000)**

This Court, then cited <u>Feingold v. New York</u>, 366 F.3d 138 (2d Cir. 2004) and clearly stated that:

**"Mr. Mahoney's alleged hostility to Ms. Miller based on age and religion can be considered by the trier-of-fact when evaluating her primary hostile environment claim based on gender." (Memorandum of Decision, at 7)**

Among the many hostile acts and comments the Court took notice of as constituting the basis of Ms. Miller's hostile environment claim are "informing her that she was too old for the job, deliberately mispronouncing the names of Jewish clients in her presence, calling her at home during a Jewish holiday and refusing to give her time off for Succoth." (Memorandum of Decision, at 8).

Despite the clear import of the decision, Edward Jones now seeks through this motion to exclude from the trier-of-fact, the very evidence that the Court agreed, makes up at least some of the basis of Miller's hostile environment claim. To exclude such evidence would undermine this Court's decision and unfairly prejudice Miller in pursuing her claim. Therefore, Miller respectfully requests that the motion be denied.

### Sexual Harassment or Harassment

Black's Law Dictionary (6th Edition) states that "harassment' is a term used in "a wide variety of legal contexts to describe words, gestures and actions which tend to annoy, alarm and abuse (verbally) another person." In addition, the Court specifically stated in its opinion that:

**"Therefore, the court also denies Edward Jones summary judgment as to Ms. Miller's sex-based harassment claims in Counts Five and Ten under Conn. Gen. Stat. Sec. 46a-60(a)(1) and 46a-60(a)(8)(c), the state statutory provisions regarding employment discrimination (including sexual orientation discrimination) and hostile work environment claims, respectively.** (Memorandum of Decision, at 14).

Section 46a-60(a)8 uses the word "harassment" in the body of the stature and states as follows:

**8) For an employer, by the employer or the employer's agent, for an employment agency, by itself or its agent, or for any labor organization, by itself or its agent, *to harass* any employee, person seeking employment or member on the basis of sex.**

Despite this clear statutory language, Edward Jones would have this Court believe that it is somehow prejudiced by the use of the word "harassment," or that it will lead to confusion. Nothing could be further from the truth. Respectfully, Edward Jones objection to the word harassment appears to stem more from its denial that Ms. Miller was in fact harassed than it does from a reasonable legal position. Just as the legislature used the word in the text of the stature so should Miller and various other witnesses at trial be able to use this word to describe the conduct complained of by Miller. Therefore, the motion should respectfully be denied.

**<u>Retaliation</u>**

It appears that Edward Jones through this motion would prefer to have this Court read the minds of potential jurors and thereby prohibit the use of certain words before the evidence is presented at trial. There is nothing confusing about the use of the word retaliation with respect to certain actions in this case. Presumably, as in all trials, witnesses will testify and the Court and the jury will be listening to the testimony. The Court is in a position to rule on the admissibility of evidence and testimony as it relates to the conduct of this trial. Miller, no longer has a cause of action for retaliation. That does not mean that the jury cannot or should not hear testimony where that word may be used. As long as the jury does not get any instructions on rendering a verdict on a retaliation count, there is no prejudice whatsoever to Edward Jones for a witness to use that word in testimony to describe certain actions or beliefs. If the word is used improperly, the Court can issue an instruction to the jury to disregard it. There is no inherent prejudice to Edward Jones by the simple use of the word "retaliation."

Edward Jones cites no relevant law with regards to this motion that would compel the Court to take the action to prohibit the use of the word. Furthermore, Edward Jones has not even pointed out which witness or witnesses may have or can possibly testify improperly with respect to the use of that word. Much like the use of the word harassment, Edward Jones would through this motion ask the Court to act as a censor rather that to make a ruling based upon how the evidence will come to be presented at a trial of this matter. Therefore, this motion should respectfully be denied.

**Application and Enfocement of the Edward Jones Discrimination Policy**

Presumably, all Edward Jones employees have had certain experiences with regards to the Edward Jones Discrimination Policy. Edward Jones would have this Court rule that it is per se improper to ask any questions about that policy. Whatever the document says or doesn't say, Miller should have the unfettered ability to ask witnesses questions regarding their own knowledge of any facts relevant to this case. In its motion, Edward Jones has utterly failed to show how it would in any way be prejudiced by this testimony. The fact alone that there is a written document is not reason enough to preclude counsel from inquiring into potentially relevant issues having to do with the policy. At the trial of this case, Edward Jones can, if there is an improper question asked with regards to the policy, object and seek a ruling. What it should not be allowed to do is what it seeks to do here, namely, preclude potentially relevant testimony from reaching the jury without any legal justification for doing so. Therefore, Miller respectfully requests that the motion be denied.

**Unemployment Fact Finding Report**

Having read Edward Jones' objection to this document, Miller agrees to provide a redacted version of the Unemployment Fact Finding Report that excludes the conclusions reached by the referee. Accordingly, Miller consents to this part of Edward Jones' motion and agrees to provide a redacted version of Exhibit 25 that will redact any fact-finding or conclusions of the unemployment referee.

## Dr. Catherine Troy, Dr. Harvey Riback and Dr. Justin Schechter Should be Permitted to Testify as Expert Witnesses

Miller is at a loss to understand the basis for Edward Jones objection to these three medical doctors being called as expert witnesses at trial. These physicians, while they treated Miller, also possess the qualifications and requisite "knowledge, skill, experience training or education" to be able to testify as experts in this matter as required by Rule 702.. All of them were properly disclosed to Edward Jones and there is therefore no basis whatsoever to preclude their testimony by way of this motion. Edward Jones furthermore makes no showing whatsoever that such testimony would in any way fail to meet the *Daubert* reliability standards. Therefore, Miller respectfully requests that this motion be denied.

## Dr. Jeffrey Cohen Should be Permitted to Testify as an Expert Witness

Miller has properly disclosed Dr. Jeffrey Cohen, her treating psychologist as an expert witness in this case. Dr. Cohen provided a written report of his treatment and findings that was disclosed to Edward Jones. His extensive curriculum vitae has also been disclosed to Edward Jones and Mahoney. Moreover, Dr. Cohen's deposition was taken by Edward Jones and Mahoney on November 19, 2003, at which both their counsel had ample opportunity to examine Dr. Cohen as to the basis of his testimony. Dr. Cohen testified of the extensive diagnostic findings, testing and psychotherapy sessions that he had with Miller as well as the course of treatment. Yet, despite all that, Edward Jones now argues that Dr. Cohen's testimony does not meet the *Daubert* reliability standards.

Edward Jones has utterly failed to provide any legal precedent for the preposterous position they seem to be advancing in this motion, namely, that a treating physician or psychologist should somehow be precluded from offering testimony as an expert witness. In fact, because of their role in Miller's treatment, these healthcare providers are be in a far better position to provide far more reliable expert testimony than if they had simply performed a mere forensic evaluation of Miller.

In addition, Edward Jones has repeatedly mischaracterized Dr. Cohen's testimony. By way of example, Edward Jones states that Dr. Cohen "has no opinion" about what caused Plaintiff's mental health illnesses. In fact, Dr. Cohen, when asked by Edward Jones attorney testified clearly that Miller's employment at Edward Jones contributed to her major depression (Tr. Page 50).

For the foregoing reasons, Dr. Cohen must be allowed to testify as an expert witness in that he meets the standards of Rule 702. Therefore, Miller respectfully requests that this motion be denied.

Dated: April 12, 2005

Respectfully submitted,

_____
Vlad G. Spitzer, Esq. (ct. 14260)
ATTORNEY FOR PLAINTIFF
Spitzer & Brey, LLC.
239 Main Street
Westport, Connecticut  06880
(203) 226-3266
(203) 226-3262 (fax)